ALBERT R. HOWE

*v.*

FRANCIS HUTCHISON.

*Filed at Ottawa January 31, 1883—Rehearing denied March Term, 1883.*

1. CONTRACT—*exchange of lands—furnishing abstracts of title—condition precedent.* Where parties make a contract for the exchange of lands, each to exhibit to the other abstracts of title showing a good title to their respective lands, by a day named, this is a condition precedent to be performed before either party can call upon the other to perform the agreement; and if the abstract of either is not satisfactory, and fails to show the title agreed to be made, the other may elect to consider the contract at an end, and if it is recorded in the proper county, have it set aside as a cloud upon his title.

2. SAME—*must be performed on day named.* Where an abstract is to be furnished, under a contract for an exchange of lands, showing a good title, by a day named, the party to furnish the same has no right to demand an extension of the time in which to furnish an additional abstract, the first not showing a good title; and if the other party refuses to give such extension, and refuses to perform for want of an abstract in proper time showing a good title, this will put an end to the contract.

3. SAME—*forfeiture for not performing—liquidated damages.* Where a contract for the exchange of lands provides that each party shall furnish the other an abstract showing a good title for his land, by a day named, and if either refuses to perform he shall forfeit and pay to the other $1000 as liquidated damages, and one fails to exhibit such an abstract of title, so that the other, who has furnished a satisfactory abstract, declines to perform the contract, neither being ready to convey to the other neither one can have a decree in his favor for the sum agreed upon as damages.

4. CLOUD ON TITLE—*contract not recorded.* A contract for the sale or exchange of lands, not recorded in the county where the land of one of the parties is situated, is no cloud upon his title.

5. COSTS—*discretionary, in chancery.* The costs in chancery cases, by statute, are within the discretion of the court rendering the decree, which, ordinarily, will not be interfered with by an appellate court.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. Palmer & Durkee, for the appellant.

Mr. F. W. S. Brawley, for the appellee.

Mr. Chief Justice Scott delivered the opinion of the Court:

A full statement of the facts of this case appears in the opinion of the court delivered when the case was considered on a former appeal, (100 Ill. 11,) and it will not be necessary to restate them to an understanding of the questions raised on the present appeal. By reference to the former opinion it is seen the original bill was brought by Francis Hutchison, in the Superior Court, against Albert R. Howe, and the object was, to have the agreement between the parties in relation to the exchange of lands cancelled, as a cloud upon his title, and to have a decree in his favor for the sum agreed upon as damages in case either party failed to perform the contract. It is alleged by complainant that he furnished proper proof of title to his land, and that he was ready and willing to carry out the contract, but that defendant failed to show good title to his lands on the 1st day of February, 1879, —the day on which the contract was to be performed,—and he thereupon refused to exchange property, for the reason defendant had not shown good title to his lands mentioned in the contract. On account of such failure, it is alleged, defendant became liable, under the agreement, to pay to complainant $1000,—being the amount of damages agreed upon in case either party failed to perform it. After filing his answer, in which he denied most of the principal allegations of the bill exhibited against him, defendant filed his cross-bill, in which he recited the substance of the original bill and his answer thereto, and alleged a compliance with the terms of the agreement on his part to be kept, and that he was ready and willing to perform the contract, but that complainant, without reasonable cause, refused to perform it. The prayer of the cross-bill was, that the agree-

ment between the parties be cancelled, and that complainant be decreed to pay defendant the sum of $1000, as for a breach of such contract. On leave obtained of the court for that purpose, defendant afterwards amended his cross-bill, by alleging that on February 1, 1879, he was, and still is, ready to perform the agreement, and asked that complainant be decreed to perform it. After replications were filed to the answers to the original and cross-bills, the cause was referred to the master in chancery, to inquire whether, on the 1st day of February, 1879, the parties had good titles to their lands mentioned in the agreement, and whether, on that date, they furnished abstracts showing good titles to their lands. The master reported the testimony submitted by the parties, and his conclusion as to their respective titles. Exceptions were taken by defendant to the master's report, but complainant seems to have been satisfied with the conclusion reached as to the condition of the title to his lands proposed to be exchanged. On the final hearing of the cause the court dismissed the original bill, and sustained the exceptions taken by defendant to that portion of the master's report not in harmony with the decree rendered on the cross-bill. As the court found complainant in the cross-bill had exhibited evidence of such title to his lands as he had covenanted to make, it was decreed defendant to the cross-bill should, at his election, either perform the agreement, or, in default thereof, pay complainant in the cross-bill $1000,—the sum agreed upon as liquidated damages in case of a failure to keep the contract. That decree was reversed by the Appellate Court for the First District, and the cause remanded to the Superior Court, with directions to that court "to dismiss defendant's cross-bill, and enter a decree cancelling the agreement between the parties referred to in the complainant's bill, and to remove the same as a cloud upon complainant's title to the lands, but without any decree for the payment of the $1000 mentioned in the agreement."

Defendant to the original bill brings the case to this court on appeal.

On the former appeal the case was not considered on its merits, and it was not intended to express any opinion whether either party was entitled to the relief asked by their respective bills. The appeal was dismissed for want of jurisdiction in this court to hear it. As the original complainant has assigned no cross-errors, it must be understood he acquiesces in the decision of the Appellate Court that directs the Superior Court to enter a decree cancelling the contract, and to further decree that neither party should have a decree for the damages in the contract for a failure to comply with its terms.

It will be observed that by the terms of the agreement both parties were to exhibit abstracts of title showing good title to their respective lands. This was a condition precedent before either party could call on the other to comply with the agreement. Unless the lands of defendant were satisfactory to complainant on examination, which he had the privilege to make, the contract was not to be binding upon him. But after examination he was satisfied, and so he wrote the word "satisfied" across the face of the contract, on the 1st day of December, 1878. By the terms of the contract it was to be performed in fifteen days after it should be accepted by complainant. But the time in which the contract should be performed was several times extended by mutual consent, in writing expressed, until it was finally agreed it should be closed on the 1st day of February, 1879. The master in chancery to whom the cause was referred found neither party had, on that day, such title as he had agreed to convey. When the parties came together on that day, both objected the abstracts presented did not show good titles to the property, or such as the contract obligated each to furnish. It is true, however, that defendant offered a deed for his lands to complainant, and demanded a performance

of the agreement on his part; and it is also true that complainant refused to make the exchange of lands, for the reason the abstract presented by defendant did not show he had good title to the lands he proposed to exchange. As has been seen, the master found the abstract presented by defendant did not show such title to his lands in him as the agreement obligated him to convey. His conclusion in that respect is fully warranted by the evidence. Before defendant could call upon complainant to accept his deed and deliver a deed for his lands in exchange, the contract obligated him to present to complainant, on or before the 1st day of February, 1879, an abstract showing good title to his lands described in the agreement. That he did not do. Nor had he any right to demand any further extension of the time in which to furnish other or additional abstracts. That complainant could allow or reject, as he saw fit. Complainant was not bound to perform the agreement at any other time, and his election not to do so put an end to the contract, so far as he was concerned. Defendant had no rightful authority thereafter to call upon complainant to specifically execute the agreement. As neither party was ready to perform the contract on the 1st day of February, 1879, it follows that neither party could have a decree in his favor against the other for the sum agreed upon as damages. So the Appellate Court held, and with that decision it must be presumed complainant is satisfied, as he has assigned no cross-errors. But as defendant was not ready, and could not perform the contract on the day fixed when the exchange of lands should be made, it follows he could never thereafter compel a specific performance of the agreement, and it was and is proper that complainant should have a decree annulling and cancelling the record of the agreement as a cloud upon the title to his lands, and to that extent, and no further, was he entitled to relief. As the agreement was not recorded in the county and State where defendant's lands are situated, it is a matter of no

consequence to him whether the contract is cancelled or not. Unless made a matter of record it would be no cloud upon the title to his lands.

As respects the question made as to the disposition of the costs of the case, it is sufficient to say, that in chancery causes, under the statute the costs attending the litigation are within the discretion of the court rendering the decree. No sufficient reason appears for interfering with the judgment of the Appellate Court in that respect.

No error appearing in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*