## Jackson et al. v. Conlin et al.

1. CONTRACT—*Acts and Intention.*—A person can not complain if he is taken as meaning in his dealings what his acts represent, and what he plainly gives another to understand.

2. CONTRACTS.—*Acts and Intention—Application of the Law.*—A vendor under a contract of sale, conditioned for the furnishing of an abstract showing a clear title, objected to the abstract furnished, and pointed out several defects, which the vendors having remedied, returned to the vendee who made no objection to it then. Two days afterward he notified the vendors that they could have the abstracts, and demanded that they return what he had paid on the contract. The vendors tendered a deed and filed their bill for a specific performance. *It was held*, that the contract was mutual and the vendors entitled to specific performance.

3. CONTRACTS—*Performance—What is a Reasonable Time.*—Where a contract for the sale of real property provided that an abstract of title should be furnished in a reasonable time, *it was held* that what is a reasonable time, depended on the circumstances of the case. The fact that a payment was to be made within thirty-five days from the date of the contract did not necessarily mean that the abstract should be furnished within that time.

4. CONTRACTS—*Sale of Land—Mutuality—Specific Performance.*—A contract which gives an option to the vendors, in case of a failure of the vendees, to declare the contract at an end and retain the earnest money; gives them an election which of two things they will do, if the vendee fails to fulfill his agreement, but it in no wise deprives the purchaser of his right to have the abstract, title and land bargained for, and to enforce a specific performance of the contract.

**Memorandum.**—Specific performance. In the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding. Bill and answer; trial on master's report; decree for complainants; defendants appeal. Heard in this court at the March term, 1893, and affirmed. Opinion filed May 24, 1893.

### STATEMENT OF THE CASE.

This was a bill filed by the vendors, appellees, for a specific performance of a contract for the purchase and sale of real estate, which contract among other things contained the following :

" Said purchaser has paid five thousand dollars as earnest money, to be applied on said purchase when consummated,

and agrees to pay, within thirty-five days after date, if title is found good, the further sum of $20,000, provided a good and sufficient warranty deed, conveying to said purchaser a good title to said premises, shall then be ready for delivery. The balance to be paid as follows: Twenty-five thousand ($25,000) dollars on or before one year, and twenty-five thousand ($25,000) dollars on or before two years from date, to be secured," etc.

" A complete abstract of title, or merchantable copy, to be furnished within a reasonable time, with a continuation thereof, brought down to this date. In case the title, upon examination, is found materially defective, within twenty days after said abstract is furnished, then, unless the material defects be cured within sixty days after written notice thereof, the said earnest money shall be refunded and this contract is to become inoperative.

" Should any purchaser fail to perform this contract promptly on his part, at the time and in the manner herein specified, the earnest money paid as above shall, at the option of the vendor, be forfeited as liquidated damages, including commissions payable by vendor, and this contract shall become null and void. Time is of the essence of this contract, and of all the conditions thereof.

" In testimony whereof said parties hereto set their hands, this seventh day of October, A. D. 1890.

THOS. CONLIN,
JOHN MOSS,
SAMUEL W. JACKSON."

On the 15th day of October the vendors delivered to the attorney of the vendee an abstract of title, claimed by them to be complete; the vendee insists that such abstract was defective.

On the 24th of October appellant's attorney wrote to the vendors that the abstract furnished was insufficient, and pointed out what he insisted were defects therein.

November 4th appellees called upon appellant, and, insisting that the abstracts already furnished were sufficient, made a memorandum of the requirements of appellant in

respect to the abstract; as to whether appellant then assented to this there is a dispute.

There were, after this, various interviews, at which there was some talk about an extension of time in which to furnish further abstracts, and there is a dispute as to what was said and whether anything in this regard was agreed to.

There were negotiations about making a new contract and about extending the time for the deferred payments, but it is insisted by appellants that no further agreement was arrived at.

November 15th, appellees sent to Mr. Jackson, the vendee, and obtaining from him the abstracts objected to, took them to an abstract maker, and on December 12th, as soon as they could be obtained, returned them, with additions thereto made, to Mr. Jackson; to the abstracts then delivered no objection on account of defect or insufficiency is made. Mr. Jackson testifies that he then took the abstracts, and two days afterward notified appellees that they could have them when they returned the $5,000 he had paid; that prior to this he had told them that he would not consent to any further waiver of time, and would throw up the deal.

December 26th, appellees tendered to the vendee a deed and demanded payment of the remaining purchase price, and December 27th Jackson wrote to appellees that, inasmuch as they had failed and neglected to furnish him a complete abstract of title within a reasonable time, "as provided in my contract with you for the purchase of said property, I hereby rescind said contract and demand the immediate return of the five thousand dollars paid you as earnest money upon the execution of the same."

A decree for the vendors was entered, and the appellee, Jackson, ordered to make payment of the sum of $7,000, as provided in the original contract, modified as to the time thereof by subsequent agreements found by the court to have been made.

APPELLANT'S BRIEF, SAMUEL B. FOSTER, ATTORNEY.

Where an abstract is to be furnished under a contract for an exchange of lands, showing a good title, by a day named,

the party to furnish the same has no right to demand an extension of time in which to furnish an additional abstract, the first not showing a good title; and if the other party refuses to perform for want of an abstract in proper time, showing a good title, this will put an end to the contract. Howe v. Hutchinson, 105 Ill. 501.

In equity the right to make such agreement can not be denied, and it is the duty of the courts to enforce them as made, and not make new contracts for the parties. Smith v. Brown, 5 Gilman, 314; 1 Sug. on Vend., 444; 2 Story's Eq. Juris. 776; Benedict v. Lynch, 1 Johns. Ch. 370; Morgan v. Herrick, 21 Ill. 481; Milnor v. Willard, 34 Ill. 38.

It is true, as a general principle in equity, that time is not material, but parties have a right to make the time of the performance of the contract material, and a court of equity has no power to enforce its specific performance contrary to the clearly expressed intentions of the parties. It is the duty of the courts to give effect to existing contracts, not to make new ones for the parties. Stow v. Russell, 36 Ill. 18; Steele v. Biggs, 22 Ill. 643 and 652; Cunningham v. Ill. C. R. R. Co., 77 Ill. 178.

To entitle a party to a decree for specific performance the contract must be mutual; both parties must have a right to compel specific performance. Bodine v. Glading, 21 Pa. St. 50.

It may be refused for want of mutuality in a land contract where it is so drawn as to leave it optional with the grantor to retain or convey the property. Maynard v. Brown, 41 Mich. 298.

APPELLEE'S BRIEF, DOOLITTLE, PALMER & TOLMAN, ATTORNEYS.

The remedy of specific performance extended to the vendor as well as to the vendee. Wait's Actions and Defenses, Vol. 5, p. 778; Andrews v. Sullivan, 2 Gilman, 332, Robinson v. Appleton, 124 Ill. 281.

In bill for specific performance by vendor, equity will take jurisdiction of the whole controversy, and may decree

payment of purchase money and enforce the vendor's lien therefor. Robinson v. Appleton, 124 Ill. 281.

It is no defense to a bill for specific performance that damages might be recovered at law. Wait's Actions and Defenses, Vol. 5, p. 823. Nor that the contract contains a forfeiture clause. Robinson v. Appleton, 124 Ill. 281. Nor that it contains a clause fixing a "penalty" or providing for "liquidated damages." Bispham's Equity (3d Ed.) Sec. 370, p. 430, note 8; Lyman v. Gedney, 114 Ill. 388.

OPINION OF THE COURT, WATERMAN, J.

It may be that the abstracts of title first furnished were not sufficient, but we think that the evidence sustains the conclusion of the court below, that appellant allowed further time in which to remedy the defects complained of.

We see no sufficient reason for interfering with the finding of the court, that appellees, within a reasonable time after the defects claimed were pointed out, furnished additional and sufficient abstracts.

Appellant, Jackson, received these additional abstracts December 15th. If before that time he had determined to wait no longer for the abstracts called for by the contracts, or had before so notified appellees, he should then have so said, and not received the abstracts as though he meant to have them examined with a view of determining as to their sufficiency. He well knew that they were not delivered to him as security for the repayment to him of the $5,000 earnest money; and for him to have taken them with the purpose only of so holding them, would have been in effect to obtain them by deceit. One can not complain if he is taken as meaning in his dealings what his acts represent and what he plainly gives another to understand. Bishop on Contracts, Sec. 412.

It was more than two weeks and not until after a deed had been tendered to him, that he made a written declaration of his intention to rescind the contract; his language in such writing being, "I hereby rescind said contract.".

This cause having been heard upon testimony taken in

open court, the findings have the weight of the verdict of a jury, and we see no sufficient reasons for reversing the conclusions of the chancellor upon any material matters.

We have not considered whether the finding that the contract was modified so as to make the deferred payments date from December 12th, is justified by the law or the evidence, because we do not deem such finding material.

The contract provided that an abstract of title should be furnished within a reasonable time. What is a reasonable time, must depend upon circumstances. We do not think that because the payment of $20,000 fell due in thirty-five days, that necessarily the abstract must have been furnished within that time, but we think that such payment could not be required until not only the abstract had been supplied, but also a reasonable time for its examination had elapsed. The vendors asked nothing more than this.

The contract and the case now under consideration are essentially variant from that considered in Howe v. Hutchinson, 105 Ill. 501 and 100 Ill. 11.

It is quite true, as is urged by appellants, that parties have a right to make their contracts, and that courts have no power to alter them, and that time is of the essence of the contract under consideration. Yet this does not establish that a contract to furnish an abstract within a reasonable time, is an agreement to supply it within thirty-five days. The parties to this agreement might have provided that the abstract should be furnished within thirty or any other number of days, and such contract the court would have enforced, but they purposely left the time within which the abstract should be furnished, indefinite.

We regard the contract signed by the parties as mutual, and one which the vendee could have enforced performance of.

The option given the vendors, in case of a failure by the vendee, to declare the contract at an end and retain the earnest money, merely gave to them an election which of two things they would do if the vendee failed to fulfill his agreement, but it in no wise deprived the purchaser of his

right to have the abstract, title and land bargained for and to enforce a specific performance of the contract.

The citations from Waterman on Specific Performance, Sec. 196, Bodine v. Glading, 21 Penn. St. R. 50, and other cases, to the effect that the remedy of specific performance must be mutual, are a correct statement of the law, and are applicable to a case where there is a want of mutuality. In the case of Maynard v. Brown, 41 Mich. 298, the contract was so drawn that it was optional with the complainant, the vendor, to retain the property or convey it. Specific performance was therefore properly refused. No such option exists in the contract now under consideration.

We can not refrain from commenting upon the lack of reference in appellees' brief to either abstract or record. The abstract contains 129 pages, of which the certificate of evidence occupies 84. The record contains 390 pages; to these appellee has two references.

The case is largely one of disputed questions of fact, or rather of the conclusions to be drawn from disputed and undisputed evidence. Such a brief is of but little use to the court in its search for the truth. No earnestness of assertion can take the place of reference to the place in the abstract or record where support for such assertion is to be found.

The decree of the Circuit Court will be affirmed.