ANDERSON v. WOODWARD.

THREE CASES.

1. JUDGMENT SUPREME COURT—COSTS.—A judgment of this Court is binding on all parties to the action, and an order of this Court, modifying an order of Circuit Court as to payment of costs in an equity case, is binding on the Circuit Court.
2. IBID.—APPEAL.—A judgment of this Court, made under a misapprehension of the facts, cannot be cured by appeal from an order of a Circuit Judge made to carry out the decree of this Court.

Before WATTS, J., Sumter, October, 1896.   Affirmed.

Action by R. J. Anderson and W. E. Lemmon, as executors of the last will and testament of Mary C. Wilson, deceased, substituted in her stead by order of Court, against J. Frierson Woodward and Henry Woodward; the same plaintiffs against J. Frierson Woodward and Dave Cousar; the same plaintiffs against J. Frierson Woodward and Thomas Washington.

The defendant, Woodward, appeals from an order of Judge Watts, drawn in accordance with the judgment of the Supreme Court, in regard to payment of certain costs by him.

*Messrs. Haynesworth & Haynesworth* and *A. B. Stuckey*, for appellant, cite: 17 S. C., 339; 20 S. C., Huff and Watkins.

*Mr. R. O. Purdy*, contra, filed no argument.

July 16, 1896. The opinion of the Court was delivered by

MR. JUSTICE POPE. The three foregoing actions are each separate and distinct, but inasmuch as the exceptions in each are the same, for the convenience of the parties thereto, they have been heard together in this Court. All the issues here involved were decided by this Court at the November term, 1893, and the same are reported in 41 S. C. Reports, pages 363 and 374, inclusive. By our judgment, there pronounced, it is provided: "It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the cause is remanded to the Circuit Court, with directions to formulate a decree dismissing the plaintiff's complaint in each of the three cases, and in each case requiring the defendant, J. Frierson Woodward, to pay all the costs up to and including the trial before the jury, and in each case requiring the defendants, as executors, &c., of Mary C. Wilson, deceased, to pay all other costs out of the estate of said Mary C. Wilson, deceased."

On the 3d day of October, 1895, in the Court of Common Pleas for Sumter County, in this State, His Honor, Judge Watts, formulated a decree in exact conformity to the foregoing judgment of this Court. From this decree of Judge Watts, so formulated, the defendant, J. Frierson Woodward, has appealed on four grounds.

The first, second, and third of such grounds deny that Judge Watts had power to provide in his decree, which dismissed the complaint, that the defendant, J. Frierson Woodward, should be required to pay any costs. It is a little surprising that this position should be seriously made, in view of the solemn judgment of this Court in causes wherein this appellant was a party, *requiring* the Circuit Judge to do exactly what he has done in the premises. The three actions included in the judgment of this Court, as

set out in 41 S. C., 363, were on the equity side of the Court. Judge Wallace's decree, which alone was appealed from, required J. Frierson Woodward to pay all the costs. All that we did was to release him from the payment except in a certain extent of costs. We venture to say this much. But we maintain that all parties were bound by our judgment, set out in 41 S. C. Reports, 363.

The fourth ground of appeal suggests that this Court was induced to make J. Frierson Woodward pay any part of the costs through a misapprehension that said Woodward had denied the validity of the marriage of his own wife's parents. We were induced to take this view from the fact that *an issue as to this marriage of the parents of his wife* had been submitted to the jury for trial, under an order of a Circuit Judge, to which no exception had been taken before us, and the jury had decided that the marriage was valid. No copies of the answers were submitted in the original case, and we have been surprised and gratified to find, from an inspection of the said answers of J. Frierson Woodward, that he did not raise any question as to the validity of such marriage. He, therefore, was not in the wrong at all, and if these facts had been before us, the language of the opinion of the Court, "The defendant, Mr. Woodward, ought not to have denied the marriage of his own wife's mother to her father * * therefore, he should be adjudged to pay all the costs of the litigation up to and including the trial before the jury," would not have been adopted. It is too late now to make any correction in the original judgment, so far as costs are concerned, and in any other particular then passed upon. The judgment is final. And, as we have before said, Judge Watts committed no error. We are induced to believe that this appeal was taken almost entirely to obtain a recognition of the fact on the records of the Court that the defendant, J. Frierson Woodward, had not denied the marriage of his wife's father and mother. This has been accomplished.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.