KELL v. TRENCHARD et al.

(Circuit Court of Appeals, Fourth Circuit. July 11, 1906.)

No. 660.

1. COURTS—CIRCUIT COURT OF APPEALS—CONSTRUCTION OF DECREE.

Where the Circuit Court of Appeals entered a decree directing that the costs in the trial court and on appeal should be borne equally between plaintiff and defendants, and a controversy subsequently arose in carrying out the decree concerning the expenditures to be divided, the Circuit Court of Appeals had jurisdiction to construe its decree on a subsequent appeal from the judgment rendered, though only presenting a question of costs.

2. COSTS—DIVISION—EQUITY—DISCRETION.

    In federal courts of equity the giving or withholding costs or the apportionment and division thereof is within the discretion of the court, which is to be exercised, not arbitrarily, but with reference to the general principles of equity and the special circumstances of each case.

    [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 21.]

3. SAME—APPORTIONMENT—EXPENSES OF RECEIVERSHIP.

    After continued litigation both parties were in part successful, defendant finally securing a decree for $19,000 and interest for five years against plaintiff. An appeal was taken, on which the appellate court directed that the costs in both the trial court and on appeal should be borne equally between plaintiffs and defendant. *Held,* that the costs referred to were ordinary costs, incident to the litigation, and did not include the expenses of a receivership.

    Appeal from the Circuit Court of the United States for the Eastern District of North Carolina.

    This is the second appeal from the United States Circuit Court for the Eastern District of North Carolina, at Raleigh, in the equity cause therein depending wherein W. B. Trenchard and others were plaintiffs and F. Kell was defendant, the original appeal taken by the defendant in the court below having been decided by this court on the 9th day of November, 1905 (142 Fed. 116); the present appeal by the same appellant, the defendant in the court below, being from the decree of the latter court entered on the 2d day of January, 1906, after the receipt of the mandate of this court respecting the costs in said cause.

    F. H. Busbee (H. H. Little, on the brief), for appellant.

    James H. Shepherd (W. H. Day, Peebles & Harris, Gay & Midyett, Shepherd & Shepherd, on the briefs), for appellees.

    Before GOFF and PRITCHARD, Circuit Judges, and WADDILL, District Judge.

    WADDILL, District Judge. The sole question presented by this appeal arises upon the taxation of costs by the lower court in carrying out the decree and mandate of this court in the former appeal; the opinion and judgment of this court prescribing that the costs of the cause in both this and the lower court should be borne equally between the appellant and the appellees. In the taxation of costs pursuant to this direction, the lower court by the decree appealed from included the allowance to the receiver as a part of the costs properly to be divided, and which action forms the basis of this appeal.

    The appellees insist that the action of the lower court complained of is not subject to review by this court, as it relates purely to a matter of costs, which is a matter within the discretion of that court, and not subject to review on appeal. In the view taken by this court, that question is not a very material or practical one, since the appeal in this case relates to the construction to be given to a judgment and decree of this court; and for that reason the same should be subject to the review and action of this court, as it can manifestly best determine what was meant and intended by its own decree. A general discussion and citation of authorities on the subject of the right of appeal in cases affecting costs will be found in Re Michigan Central R. R. Co.,

124 Fed. 727, 733, 59 C. C. A. 643, a decision of the Circuit Court of Appeals of the Sixth Circuit. In the federal practice in equity the giving or withholding costs or the apportionment and division thereof is a matter within the discretion of the court; such discretion, however, to be exercised, not arbitrarily, but with reference to the general principles of equity and special circumstances of each case. 2 Bates, Fed. Eq. Proc. §§ 842, 844; Primrose v. Fenno (C. C.) 113 Fed. 375; Electric Co. v. Scott (C. C.) 101 Fed. 524, 11 Cyc. 36.

In decreeing the division of costs in this court and the court below was meant only the ordinary taxable costs of the litigation, and not such charges and expenses as the costs of the receivership and payments and allowances to receivers; those being costs properly appertaining to the receivership, and chargeable against the property in the receiver's hands. Ferguson v. Dent (C. C.) 46 Fed. 88; Elk Horn Oil & Gas Co. v. Foster, 99 Fed. 495, 39 C C. A. 615. This case was a long and bitter controversy, in which both parties were in part successful, and it seemed to the court to be one eminently calling for apportionment of the costs between them in the manner indicated. The appellant, however, secured a decree for $19,000 and interest for some five years against the appellees, which would ordinarily carry with it a decree for the full costs of the litigation; but the court did not give the latter decree as to costs, but determined that the ordinary costs incident to the litigation in this and the lower court should be divided between the parties. This was, at least, all that the appellees could have asked, and to visit upon the appellant in addition one-half of the receivership costs would seem to be clearly inequitable.

It follows from what has been said that the decree of the lower court, in so far as it decrees as a part of the costs to be borne by the appellant the receivership costs in question, is erroneous, and should be reversed, and this cause remanded to the lower court, to be proceeded therein in accordance with the views herein expressed.

Reversed.