WRIGHT v. GORMAN-WRIGHT CO. et al.

(Circuit Court of Appeals, Fourth Circuit. March 12, 1907.)

No. 700.

1. APPEAL—REVERSAL—DECREE—ENTRY IN TRIAL COURT—FURTHER APPEAL.
    Where a decree was reversed, and the cause remanded, with directions to the trial court to dismiss the bill, whereupon a decree conforming to the mandate was entered in the trial court, such decree was not reviewable on a further appeal; the only relief being by petition for rehearing in the appellate court filed within the term at which the judgment was entered, unless by special leave granted during the term, as authorized by Court of Appeals, Rule 29 (31 C. C. A. clxvii, 90 Fed. lix).
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 814.]

2. SAME—DECREE FOR COSTS.
    No appeal lies from a decree respecting costs and expenses.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 823.]

Appeal from the Circuit Court of the United States for the Eastern District of Virginia, at Richmond.

See 134 Fed. 363.

S. S. P. Patteson and H. A. Foushee, for appellant.

Geo. A. Hanson, for appellees.

Before PRITCHARD, Circuit Judge, and BRAWLEY and McDOWELL, District Judges.

PRITCHARD, Circuit Judge. This was a suit instituted by appellant in the Circuit Court for the Eastern District of Virginia against the defendants, alleging that the plaintiff was a resident and citizen of New York at the time of the commencement of the suit; that the defendant the Gorman-Wright Company was a corporation organized and existing under the laws of the state of Virginia; that the defendant J. N. Gorman was a resident and citizen of the Eastern District

of Virginia; that the defendant J. N. Gorman, being indebted to the plaintiff in the sum of about $36,000, executed his notes with personal security, and deposited as additional security 100 shares of the capital stock of the defendant the Gorman-Wright Company; that the notes were long past due and unpaid; that the said Gorman-Wright Company was insolvent, its assets being mismanaged by J. N. Gorman, general manager, secretary, and treasurer of said company, who was also insolvent, and, among other things, demanding that a receiver of the defendant corporation be appointed. The Circuit Court appointed Chas. T. O'Ferrall temporary receiver, from which order an appeal was taken to this court, and on November 15, 1904, this court filed its opinion, and, in the concluding part, it was said:

"If the question of jurisdiction had not been raised by the appellant, it would have been the duty of this court to have denied its own jurisdiction on its own motion, because the record before us clearly shows it. Reaching this conclusion, it becomes unnecessary for us to consider other matters raised by the assignments of error, and elaborately discussed by counsel. There is error in the decree complained of, and it will be reversed, and this case will be remanded with directions to the court below to dismiss the bill."

The court, in its mandate of December 23, 1904, directed as follows:

"On consideration whereof, it is now here ordered, adjudged, and decreed by this court that the decree of the said Circuit Court in this cause be, and the same is hereby, reversed, with costs; and this cause is remanded to the Circuit Court of the United States for the Eastern District of Virginia, at Richmond, with directions to dismiss the bill."

Counsel for appellees files a motion to dismiss, based upon the ground that an appeal did not lie from the decree sought to be reviewed, and insists that, inasmuch as the Circuit Court followed the mandate of this court in the preparation of the decree of which appellant complains, no appeal lies from a decree entered under such circumstances; that the decree of the Circuit Court was the decree of this court as announced in its mandate when this case was here on appeal; and that the proper remedy for appellant was by petition to this court for a rehearing. Rule 29 of this court, is as follows:

"A petition for rehearing after judgment can be presented only at the term at which judgment is entered, unless by special leave granted during the term," etc. 31 C. C. A. clxvii, 90 Fed. lix.

If there was error of law in the decree, as contended by appellant, such question could have only been considered by this court, and not by the lower court. The Circuit Court by its formal decree simply entered the decree of this court. Hence there was nothing which transpired in the court below from which an appeal would lie to this court. It would be unreasonable to hold that one would be entitled to an appeal from the action of the lower court in directing that a decree of this court be entered upon the records of that court.

In the case of Southard et al. v. Russell, 16 How. 569, 14 L. Ed. 1052, among other things, it is said:

"As already stated, the decree sought to be set aside by this bill of review in the court below was entered in pursuance of the mandate of this court on appeal, in the original suit. It is therefore the decree of this court, and not that primarily entered by the court below, that is sought to be interfered with.

The better opinion is that a bill of review will not lie at all for errors of law alleged on the face of the decree after the judgment of the appellate court. This may be corrected by a direct application to that court, which would amend, as a matter of course, any error of the kind that might have occurred in entering the decree."

The following cases are to the same effect: Boggs v. Willard, 70 Ill. 315, 22 Am. Rep. 77; Gillaspie v. Scott, 32 La. Ann. 767; Jenkins v. Guarantee Trust, etc., Co., 55 N. J. Eq. 798, 38 Atl. 695; Anderson v. Woodard, 47 S. C. 203, 24 S. E. 1037; Lowell v. Ball, 58 Tex. 562; Southard v. Russell, 16 How. 547, 14 L. Ed. 1052. The case of Southard v. Russell, supra, is on all fours with the case at bar, and is conclusive so far as this question is concerned.

Under the rule of this court, to which reference has been made, appellant had during the term at which the decree was entered in which to present a motion for a rehearing, and, having failed to take advantage of this rule, the judgment of this court became final at the end of the term at which the same was entered.

There is another reason why appellant is not entitled to invoke the jurisdiction of this court. It is well settled that in cases like the one under consideration an appeal will not lie from a decree for costs. In the case of Elastic Fabrics Co. v. Smith, 100 U. S., 110, 25 L. Ed. 547, Mr. Chief Justice Waite, in delivering the opinion of the court, said:

"No appeal lies from a mere decree respecting costs and expenses."

Also, in the case of Dubois v. Kirk, 158 U. S. 58–67, 15 Sup. Ct. 729, 39 L. Ed. 895, Mr. Justice Brown, in delivering the opinion of the court, said:

"As costs in equity and admiralty cases are within the discretion of the court, we do not feel inclined to reverse this decree in awarding such costs to the plaintiff. This court held in several cases that an appeal does not lie from a decree for costs."

Justice Story, in delivering the opinion of the court in the case of Canter v. Insurance Co., 3 Pet. 318, 7 L. Ed. 688, said:

"As to costs and expenses, we see no error in the allowance of them in the Circuit Court. They are not matters positively limited by law, but allowed in the exercise of a sound discretion of the court. And, besides, it may be added that no appeal lies from a decree respecting costs and expenses."

Also the following cases sustain this view: Paper Bag Machine Co. Cases, 105 U. S. 766, 26 L. Ed. 959; Wood v. Weimar, 104 U. S. 786, 26 L. Ed. 779; Russell v. Farley, 105 U. S. 433, 26 L. Ed. 1060.

For the reasons hereinbefore stated, we find no error, and the decree appealed from is affirmed.

McDOWELL, District Judge. I concur in the conclusion reached, but not in the reasons assigned.