# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS

---

### BLASSENGAME v. BOYD et al.

(Circuit Court of Appeals, Fourth Circuit. April 18, 1910.)

No 898.

**1. EQUITY (§ 409\*)—REFERENCE TO MASTER—FINDINGS.**

Findings of a master on a reference by consent are presumptively correct, but are advisory only where the reference is by the court without consent.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 920; Dec. Dig. 409.\*]

**2. EQUITY (§ 403\*)—REFERENCE—ORDER—CONSTRUCTION.**

Where an order of reference recited that, on motion of plaintiff's attorneys, B. was appointed special master to investigate the cause and report to the court what amount, if any, was due by reason of the claim, and that such report be filed "subject to the further orders of the court," the reference was ex parte, and did not refer the issues to the master for final decision.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 403.\*]

**3. COSTS (§ 13\*)—EQUITY—DISCRETION.**

Where both parties in an equity suit are partly wrong, the court may award costs in its discretion, or may refuse to allow costs to either.

[Ed. Note.—For other cases, see Costs, Cent Dig. §§ 21, 25; Dec. Dig. § 13.\*]

**4. APPEAL AND ERROR (§ 984\*)—EQUITY—COSTS—DISCRETION.**

On appeal from an equity decree, the court's allowance of costs is generally treated as final, unless a palpable abuse of judicial discretion is shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3881–3888; Dec. Dig. § 984.\*]

**5. COSTS (§ 60\*)—EQUITY—DIVISION.**

Where complainant's right to recover depended on the right of B., who held a contract for road construction, and B.'s answer showed that the county commissioners had offered to pay him $3.303, which he had refused, plaintiff having recovered a less sum, it appearing that much of the costs of the hearing resulted from plaintiff's attempt to introduce improper evidence, the court did not abuse its discretion in taxing one-half of the costs to plaintiff.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 60.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

178 F.—1

6. CONTRACTS (§ 231*)—MEASUREMENT OF WORK—METHOD.

Where a contract for road construction provided for payment on a basis of measurement, it was error to base a recovery on estimates as to the amount of work that could be done by a team in a day, though it appeared that at the time of suit conditions were such that measurement of the work was difficult, and more or less unsatisfactory.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 231.*]

Waddill, District Judge, dissenting.

Appeal from the Circuit Court of the United States for the Western District of North Carolina, at Asheville.

Action by John T. Blassengame against David L. Boyd, the Board of County Commissioners, and others. Decree for defendants (172 Fed. 630), and plaintiff appeals. Affirmed.

James H. Merrimon (J. G. Merrimon, on the brief), for appellant.

Charles A. Moore and Samuel C. C. Welch (Norwood & Norwood and Moore & Rollins, on the brief), for appellees.

Before WADDILL, KELLER, and McDOWELL, District Judges.

KELLER, District Judge. The first five assignments of error are based on the action of the court in sustaining certain exceptions to the report of the special master, and in refusing to concur in the method adopted by the master in arriving at the amount due the plaintiff from D. L. Boyd, the contractor. These exceptions proceed upon the theory that the findings of the master in this case were not merely advisory, but are to be taken as presumptively correct. Such is the law if the reference is by consent and refers all the issues to the master for decision, but such is not the law upon an ordinary reference. The order of reference in the case at bar was made on the 7th day of August, 1907, in the following words:

"And now comes H. R. Ferguson and Merrimon & Merrimon, solicitors for the plaintiff in the above cause, and move the court that the issues in this cause be referred to J. J. Britt, who is hereby appointed special master of this honorable court in the said cause, who shall be required to inquire into and investigate the same, and that he report to this court by the 4th day of November, 1907, what, if anything, be due by reason of the claim, etc., and that said report be filed subject to the further orders of this court."

This order, as is apparent on its face, was made upon the ex parte motion of complainant's solicitors, and, so far from purporting to refer all the issues to said special master for final decision, the last clause of the order clearly shows that his report was to be filed subject to the "further orders of the court."

In Kimberly v. Arms et al., 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764, Mr. Justice Field points out with force and clearness the distinction between the report of a special master appointed by the court, and one to whom by consent and request of all the parties all the issues are referred for decision (as was the case in Kimberly v. Arms). The opinion in that case says:

"A master in chancery is an officer appointed by the court to assist it in various proceedings incidental to the progress of a cause before it, and is usually employed to take and state accounts, to take and report testimony, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to perform such duties as require computation of interest, the value of annuities, the amount of damages in particular cases, the auditing and ascertaining of liens upon property involved, and similar services. The information which he may communicate by his findings in such cases, upon the evidence presented to him, is merely advisory to the court, which it may accept and act upon or disregard in whole or in part, according to its own judgment as to the weight of the evidence. Basey v. Gallagher, 20 Wall. 670, 680, 22 L. Ed. 452, 453; Quinby v. Conlan, 104 U. S. 420, 424, 26 L. Ed. 800, 801. In practice it is not usual for the court to reject the report of a master, with his findings upon the matter referred to him, unless exceptions are taken to them and brought to its attention, and, upon examination, the findings are found unsupported or defective in some essential particular. Metzker v. Bonebrake. 108 U. S. 66 [2 Sup. Ct. 351], 27 L. Ed. 654; Tilghman v. Procter, 125 U. S. 136, 149 [8 Sup. Ct. 894], 31 L. Ed. 664, 669; Callaghan v. Myers, 128 U. S. 617, 666 [9 Sup. Ct. 177], 32 L. Ed. 547, 562. It is not within the general province of a master to pass upon all the issues in an equity case, nor is it competent for the court to refer the entire decision of a case to him without the consent of the parties. It cannot, upon its own motion, or upon the request of one party, abdicate its duty to determine by its own judgment the controversy presented, and devolve that duty upon any of its officers. But when the parties consent to the reference of a case to a master or other officer to hear and decide all the issues therein, and report his findings both of fact and of law, and such reference is entered as a rule of the court, the master is clothed with very different powers from those which he exercises upon ordinary references, without such consent; and his determinations are not subject to be set aside and disregarded at the mere discretion of the court. A reference, by consent of parties, of an entire case for the determination of all its issues, though not strictly a submission of the controversy to arbitration—a proceeding which is governed by special rules —is the submission of the controversy to a tribunal of the parties' own selection, to be governed in its conduct by the ordinary rules applicable to the administration of justice in tribunals established by law. Its findings, like those of an independent tribunal, are to be taken as presumptively correct, subject, indeed, to be reviewed, under the reservation contained in the consent and order of the court, when there has been manifest error in the consideration given to the evidence, or in the application of the law, but not otherwise."

There is manifestly such a wide distinction between the agreed order in the Kimberly Case, and the order of reference in the case at bar, that the latter must fall within the category of those cases in which it is held that the findings of the master are "merely advisory," and as to which the court "cannot abdicate its duty to determine by its own judgment the controversy presented."

The sixth assignment of error is to the action of the court in taxing the plaintiff with one-half the costs. It is familiar doctrine that the allowance of costs in equity rests in the sound discretion of the court, and, while it is, of course, true that the prevailing party is prima facie entitled to costs, the unsuccessful party may show circumstances to overcome this presumption. When both parties are partly wrong, the court may refuse to allow costs to either. See 4 Am. & Eng. Ency. of Law (1st Ed.) pp. 322, 323, and cases there cited. On appeal from equity, an allowance of costs is generally treated as final, unless a palpable abuse of judicial discretion is shown. Temple v. Lawson, 19 Ark. 148; Cowles v. Whitman, 10 Conn. 121, 25 Am. Dec. 60; Howe v. Hutchinson, 105 Ill. 501; Sanborn v. Kittredge, 20 Vt. 632, 50 Am. Dec. 58; Bratton v. Massey, 18 S. C. 555. In this case the right of the plaintiff to recover depended on the right of D. L. Boyd, who held the contract for the road, and the answer of Boyd showed (page 32 of the record) that the commissioners had offered to

pay him the sum of $3,303, which he had refused; and as the plaintiff recovered a less sum than this $3,303, the court may well have taken the view in its discretion that equity did not require that the defendants be required to pay all the costs of the litigation.

In addition to this, much of the costs were incurred by the introduction by the plaintiff before the master, of evidence which the court held was improper and incompetent to prove his claim, and which necessarily caused much of the cost of that hearing. With the views of the court as to the incompetency of the evidence as to what a team could do in a day, and an estimate of 40 yards to a day and 25 days to a month, we are in full sympathy. We are of opinion that, in view of the requirements of the contract entered into, the method of computation of the amount of work done, adopted by the master, was clearly unauthorized and incompetent as evidence, and that, had the court adopted his conclusions, it would have been error. The court rightly held that the method adopted by the master was "wholly unreliable" in that it substitutes opinion evidence in the place of proof in a matter in which the burden of showing incorrectness in the estimates furnished by the engineer in charge of the work bore heavily upon the appellant. If, at the time of suit, conditions were such that measurement was difficult and more or less unsatisfactory, still such fact could never authorize the substitution of a mode of ascertainment never contemplated by the parties; a method which would necessarily leave out of the account the varying elements of physical conditions, weather, accident, diligence, and personal efficiency, all of which are subject to constant variation. Such evidence must at the last amount to mere opinion, and ought not to be made the basis of an accounting under a contract calling for payment upon a basis of measurement. The evidence taken before the master is largely made up of this kind of testimony, and, as the court charged the cost of remeasurement to the defendant commissioners, we are not prepared to say that its judicial discretion was abused by dividing the remainder of the costs. In Dubois v. Kirk, 158 U. S. 58, 15 Sup. Ct. 729, 39 L. Ed. 895, it is held by the Supreme Court of the United States that, "If a decree be affirmed with respect to the merits, it will not be reversed upon the question of costs."

The remaining assignments of error need no special comment.

We are of opinion that there was no reversible error in the decree appealed from, and the same is accordingly affirmed, with costs.

Affirmed.

WADDILL, District Judge (dissenting). I am unable to concur fully with the conclusion reached in this case by the majority of the court, in that I do not think there should have been an affirmance of the decree in the lower court in its entirety, but that it should have been modified so as to affirm the same on the merits, and not on the refusal to allow the appellant his full costs. The controversy was a most heated and bitter one, involving great cost and expense, and appellant, plaintiff in the court below, recovered by the decree appealed from $3,151.59; and while this was much less than he con-

tended for, still his recovery for the amount decreed should have carried with it costs, and the failure to allow the same ought, in my judgment, to have resulted in a division of the costs in this court, upon modification of the decree as indicated. To impose upon the appellant the cost in this and the lower court will absorb practically the entire amount of his recovery, conceded by this and the lower court to be correct, for the amount of $3,151.59. The case of Dubois v. Kirk, 158 U. S. 58, 15 Sup. Ct. 729, 39 L. Ed. 895, cited in the majority opinion, does not, in my judgment, enunciate any doctrine inconsistent with this dissent. It is true that appeals on allowance of costs alone are rarely, if ever, maintained, but when that subject is before the court, incident to questions arising on the merits, any error respecting the same can be corrected, as well as any other ruling in the case. The Scotland, 118 U. S. 507, 519, 6 Sup. Ct. 1174, 30 L. Ed. 153; City Bank v. Hunter, 152 U. S. 512, 515, 14 Sup. Ct. 675, 38 L. Ed. 534; Citizens' Bank v. Cannon, 164 U. S. 319, 323, 17 Sup. Ct. 89, 41 L. Ed. 451; In re Michigan Cent. R. R. Co., 124 Fed. 727, 732, 59 C. C. A. 643. The following decisions of this court are in point. The Eva D. Rose, 166 Fed. 101, 92 C. C. A. 85; Mills v. Virginia-Carolina Lumber Co., 164 Fed. 168, 171, 90 C. C. A. 154, 21 L. R. A. (N. S.) 901; Wright v. Gorman-Wright Co., 152 Fed. 408, 81 C. C. A. 534; Kell v. Trenchard, 146 Fed. 245, 76 C. C. A. 611. The first and last cases above cited from this court may be specially referred to as deciding the question under consideration, and in the Michigan Cent. R. R. Case, supra, Justice Lurton, speaking for the Circuit Court of Appeals for the Sixth circuit, cites and reviews fully the authorities bearing on the subject.