Filed: May 15, 2001

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 00-2304
(CA-00-396)

Irma H. Sydnor, et al.,

Plaintiffs - Appellees,

versus

Conseco Financial Servicing Corp.,

Defendant - Appellant.

O R D E R

The court amends its opinion filed March 7, 2001, as follows:

On the cover sheet, section 1 -- the status is changed from "UNPUBLISHED" to "PUBLISHED."

On the cover sheet, section 6 -- the status is changed to read "Reversed and remanded by published opinion. Judge Howard wrote the opinion, in which Chief Judge Wilkinson and Judge Niemeyer joined."

On page 2, section 2 -- the reference to the use of unpublished opinions as precedent is deleted.

On page 2, first line of opinion -- the opening line of the opinion is changed from "PER CURIAM" to "HOWARD, District Judge."

For the Court - By Direction


/s/ Patricia S. Connor
Clerk

PUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

IRMA H. SYDNOR; VIVIAN E. WYATT,
<u>Plaintiffs-Appellees,</u>

v.

CONSECO FINANCIAL SERVICING
CORPORATION,

No. 00-2304

<u>Defendant-Appellant,</u>

and

AAPCOOF RICHMOND WEST,
INCORPORATED,
<u>Defendant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-00-396)

Argued: January 22, 2001

Decided: March 7, 2001

Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge,
and Malcolm J. HOWARD, United States District Judge
for the Eastern District of North Carolina, sitting by designation.

_____

Reversed and remanded by published opinion. Judge Howard
wrote the opinion, in which Chief Judge Wilkinson and
Judge Niemeyer joined.

_____

COUNSEL

**ARGUED:** Brian R. M. Adams, SPOTTS, FAIN, BUIS, CHAPPELL
& ANDERSON, Richmond, Virginia, for Appellant. Thomas Dean

Domonoske, THE LAW OFFICE OF DALE W. PITTMAN, Harrisonburg, Virginia, for Appellees. **ON BRIEF:** Michael B. Gunlicks, SPOTTS, FAIN, BUIS, CHAPPELL & ANDERSON, Richmond, Virginia, for Appellant. Dale W. Pittman, THE LAW OFFICE OF DALE W. PITTMAN, Petersburg, Virginia, for Appellees.

_____

**OPINION**

HOWARD, District Judge:

This matter arises out of a home improvement loan received by the plaintiffs in this case, Irma H. Sydnor ("Sydnor") and Vivian E. Wyatt ("Wyatt"), from Conseco Finance Servicing Corporation ("Conseco") for work done by AAPCO of Richmond West, Inc. ("AAPCO"). For the reason stated below, we reverse the judgment of the district court and remand for the district court to hold a hearing under the Prima Paint standard.

I.

In the spring of 1999, home improver AAPCO approached Sydnor and Wyatt (collectively "appellees") about making improvements to their home. The appellees agreed to the home improvement project, and AAPCO located financing for the work through Conseco. Sydnor and Wyatt sent a loan application to Conseco to obtain funding for the improvements.

On July 9, 1999, Sydnor and Wyatt signed a financing contract ("contract") agreeing to a loan of $9,907.94, secured by a deed of trust on Sydnor and Wyatt's home. The contract contained a provision requiring all disputes be referred to arbitration in accordance with the Federal Arbitration Act, 9 U.S.C. § 1.

2

Conseco subsequently issued checks to Sydnor and Wyatt to cover the home improvements by AAPCO. A dispute arose between the appellees and the subcontractor -- AAMOR Home Renovations -- who were hired by AAPCO to complete repairs on Sydnor and Wyatt's home.

Appellees filed suit against Conseco and AAPCO in the United States District Court for the Eastern District of Virginia alleging violations of the Truth in Lending Act, Virginia's Consumer Protection Act, fraud, and conspiracy. Conseco sought to compel arbitration.

On September 27, 2000, Judge Richard L. Williams denied Conseco's motion to compel arbitration. As basis for his ruling, Judge Williams found that 1) plaintiffs did not knowingly and voluntarily waive their right to a jury trial; 2) the arbitration agreement was unconscionable because of unknown fees, costs, and procedures; and 3) the arbitration clause was unenforceable because plaintiffs alleged fraud specific to the arbitration clause. J.A. 118-19.

Conseco filed this interlocutory appeal, 9 U.S.C. § 16, challenging the district court's order. We review a district court's denial of a motion to compel arbitration de novo. Cara's Notions v. Hallmark Cards, Inc., 140 F.3d 566, 569 (4th Cir. 1998).

II.

Recognizing a strong federal policy in favor of arbitration, Congress passed the Federal Arbitration Act ("FAA") "to reverse the longstanding judicial hostility to arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). The FAA mandates that if parties execute a valid agreement to arbitrate disputes, a federal court must compel arbitration.

While federal policy broadly favors arbitration, the initial inquiry is whether the parties agreed to arbitrate their dispute. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). Congress did not intend for the FAA to force parties who had not agreed to arbitrate into a non-judicial forum, and therefore, federal courts must first decide whether the parties entered into an agreement

3

to arbitrate their disputes. <u>Volt Info. Sciences, Inc. v. Board of Trustees</u>, 489 U.S. 468, 478 (1989). In determining whether the parties executed a valid agreement to arbitrate, courts generally apply ordinary state-law principles that govern the formation of contracts. <u>First Options v. Kaplan</u>, 514 U.S. 938, 944 (1995). Moreover, the FAA provides that a party may seek revocation of a contract under "such grounds as exist at law or in equity," including fraud, duress, and unconscionability. 9 U.S.C. § 2. However, federal courts must not "singl[e] out arbitration provisions for suspect status," and should evaluate arbitration agreements with the same standards as contracts. <u>Doctor's Assocs., Inc. v. Casarotto</u>, 517 U.S. 681, 687 (1996).

The lower court's decision provided three grounds for not enforcing the arbitration agreement. We address these grounds in turn.

III.

We first decide whether the district court properly concluded that the arbitration agreement was unconscionable. Principles of equity may counsel for invalidation of an arbitration agreement if the grounds for revocation relate specifically to the arbitration clause. <u>Hooters of America v. Phillips</u>, 173 F.3d 933, 938 (4th Cir. 1999). Unconscionability is a narrow doctrine whereby the challenged contract must be one which no reasonable person would enter into, and the "`inequality must be so gross as to shock the conscience.'" <u>L&E Corp. v. Days Inns of America, Inc.</u>, 992 F.2d 55, 59 (4th Cir. 1993) (quoting <u>Smyth Bros.-McCleary-McClellan Co. v. Beresford</u>, 104 S.E. 371, 382 (Va. 1920) (internal quotations omitted)). However, when claims allege unconscionability of the contract generally, these issues are determined by an arbitrator because the dispute pertains to the formation of the entire contract, rather than the arbitration agreement. <u>Coleman v. Prudential Bache Sec., Inc.</u>, 802 F.2d 1350, 1352 (11th Cir. 1986).

Sydnor and Wyatt alleged in the lower court that terms specific to the arbitration agreement -- unknown fees, costs, and procedures -- were unconscionable. The district court agreed and refused to compel arbitration, relying heavily on an opinion by the United States Court of Appeals for the Eleventh Circuit which held that an arbitration agreement silent on fees and cost was unenforceable. <u>Randolph v.</u>

4

Green Tree Fin. Corp.-Alabama, 178 F.3d 1149, 1158 (11th Cir. 1999), rev'd, 121 S. Ct. 513 (2000).

The Supreme Court, however, subsequently reversed the Eleventh Circuit's decision. The court held that while "the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her federal statutory rights" in an arbitration forum, failure of an arbitration agreement to address costs and fees does not alone make the agreement unenforceable. Green Tree Fin. Corp.-Alabama v. Randolph, 121 S. Ct. 513, 522 (2000). Instead, the party seeking to avoid arbitration must prove that "arbitration would be prohibitively expensive." Id.

The appellees presented little evidence from which the district court could have concluded that arbitration was prohibitively expensive. Appellant has also represented to this court its willingness to pay arbitration fees arising from this dispute.

Moreover, our decision in Hooters of America v. Phillips, 173 F.3d 933 (4th Cir. 1999), provides guidance on the limited circumstances in which a court may find an arbitration agreement unconscionable. In Hooters, we stated that arbitration agreements would not be invalidated for failure to replicate a judicial forum. Id. at 940. Instead, the finding of unconscionability in Hooters was based on a multitude of biased and warped rules promulgated by Hooters which essentially created a "sham [arbitration] system" which the court refused to enforce. Id. The egregiously unfair arbitration rules in Hooters, however, provide only a limited departure from the general rule that arbitrators decide questions of fairness regarding arbitration proceedings. Id. at 941. Arbitration is not inherently unconscionable, and Hooters does not give a federal court license to make a "full-scale assault" on arbitration. Id.

In light of the Supreme Court's holding in Green Tree and our own discussion in Hooters, we conclude that the district court erred in finding that the arbitration agreement was unconscionable because of unknown cost, fees, and procedures.

IV.

As a second basis for holding the arbitration agreement unenforceable, the district court held that because arbitration constitutes waiver

5

of a claimant's Seventh Amendment right to a jury trial, the waiver must be made in clear and unmistakable terms. The court continued by concluding that Sydnor and Wyatt had not knowingly waived their right to a jury trial. At the outset we note that the arbitration agreement clearly states: "THE PARTIES VOLUNTARILY AND KNOW-INGLY WAIVE ANY RIGHTS THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU." J.A. 33.

Sydnor and Wyatt do not dispute that they signed a document that clearly stated that they knowingly and voluntarily waived the right to a jury trial. Instead, they assert that the defendants had a duty to ensure that the appellees fully informed themselves of the arbitration agreement and waiver of a jury trial. However, an elementary principle of contract law is that a party signing a written contract has a duty "to inform himself of its contents before executing it, . . . and in the absence of fraud or overreaching he will not be allowed to impeach the effect of the instrument by showing that he was ignorant of its contents or failed to read it." Corbett v. Bonney, 202 Va. 933, 938 (1961). That the appellees did not make themselves aware of the arbitration clause and disclosure is irrelevant.

Nor does the fact that the appellees waived their right to a jury trial require the court to evaluate the agreement to arbitrate under a more demanding standard. It is clear that a party may waive her right to adjudicate disputes in a judicial forum. Similarly, the right to a jury trial attaches in the context of judicial proceedings after it is determined that litigation should proceed before a court. Thus, the "loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate." Pierson v. Dean, Witter, Reynolds, Inc., 742 F.2d 334, 339 (7th Cir. 1984). We therefore conclude that the district court erred in finding that the appellees did not knowingly and voluntarily waive their right to a jury trial.

V.

The district court concluded alternatively that the arbitration agreement was unenforceable because Sydnor and Wyatt alleged fraud. Under the Prima Paint standard, a federal court may only consider claims of fraud in the inducement "if the fraud relates specifically to

6

the arbitration clause itself and not to the contract generally." <u>Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.</u>, 925 F.2d 1136, 1140 (9th Cir. 1991). <u>See generally Prima Paint Corp. v. Flood & Conklin Mfg. Co.</u>, 388 U.S. 395 (1967). Claims of fraud applicable to the entire contract are generally resolved by an arbitrator.

While the district court determined that appellees alleged fraud "specific to the arbitration clause," J.A. 119, it is unclear from the record how appellees' allegations of fraud apply specifically to the making of the arbitration agreement, as opposed to the whole contract.

As noted above, Sydnor and Wyatt concede that they signed the contract containing a bolded and all cap arbitration agreement. The appellees' allegations of fraud relate the Conseco's use of an unlicenced settlement agent, failure of the agent to leave a copy of the contract with Sydnor and Wyatt, and various other violations of state and federal law. However, it is unclear if or how these allegations of fraud would invalidate only the arbitration agreement, while leaving the contract as a whole intact. As stated above, if the appellees' fraud claims apply to the contract as a whole, they must be resolved by an arbitrator, and not the court.

Therefore, we reverse and remand with instructions for the district court to hold a hearing under the <u>Prima Paint</u> standard to determine whether the appellees' allegations of fraud apply to the contract generally or specifically to the arbitration clause.

<u>REVERSED AND REMANDED</u>

7