OGDEN CITY, RESPONDENT *v.* BEAR LAKE & RIVER WATER WORKS & IRRIGATION CO., BEAR RIVER IRRIGATION & OGDEN WATER WORKS COMPANY, SAMUEL M. JARVIS AND ROLAND R. CONKLIN.

FINAL ORDER — RECEIVER — APPOINTMENT REVOKED — EXPENSES ALLOWED.

*Final Order.*
   An order requiring payment of receiver's compensation and other expenses out of funds in receiver's hands is a final order from which an appeal lies.

*Receiver—Appointment Revoked—Expenses Allowed.*
   When the appointment of a receiver is revoked as erroneous, the expenses incurred during the receivership, which should be allowed and paid out of the funds, are only such as would necessarily have been incurred had no receiver been appointed.

(Decided December 5, 1898.)

Appeal from the District Court of Weber County, Hon. Ogden Hiles, *Judge.*

Appeal by the Bear River Irrigation and Ogden Water Works Co. from the order of the court below, approving the report of the receiver and allowing various items thereof, and ordering them paid out of the funds in the receiver's hands. *Modified.*

*Messrs. Rogers & Johnson,* and *Messrs. Bennett, Harkness, Howat, Bradley & Richards,* for appellant.

The rule appellant contends for is that when a receiver has been appointed upon application of plaintiff, and the application is resisted by the defendant, and upon appeal his appointment is set aside and the property ordered returned to the defendant, then the compensation of the receiver and all expenses incurred incident to his appointment, additional to the ordinary and usual expenses should not be paid out of the fund but should be paid by the plaintiff who procured the appointment. *Weston* v. *Watts*, 45 Hun. 219; *Pittsfield Nat. Bank* v. *Bayne et al.*, 140 N. Y. 321; *Cooper* v. *Shirley*, 75 Fed. 168; *Highley* v. *Deane*, 64 Ills. App. 389; *French* v. *Gifford*, 31 Iowa, 428; *Willis* v. *Sharp*, 12 N. Y. Supp. 120; *St. Louis* v. *Gas Light Co.*, 11 Mo. App. 237; *Howe* v. *Jones*, 60 Iowa, 70; *St. Louis, etc., R. Co.* v. *Wear*, 36 S. W. 658; *Brundage* v. *Savings & Loan Assn.*, (Wash.) 39 Pac. 669; *Moyers* v. *Corner*, 22 Fla. 422.

*C. C. Richards, Esq., J. H. Macmillan, Esq.*, and *E. M. Allison, Esq.*, for respondent.

We believe the better rule to be that inasmuch as the receiver is appointed to manage and preserve the property pending the litigation, for the benefit of those ultimately adjudged to be entitled to it, the cost of doing this, including his commissions, should be made a charge upon the property itself and paid out of its proceeds, regardless of who finally succeeds. *Espuella, etc. Co.* v. *Bindle*, 32 S. W., 582. *Hembree* v. *Dawson*, 18 Ore., 474. S. C., 23 Pac., 264. *Hopfensack* v. *Hopfensack*, 61 How. Pr., 498. *New Birmingham, etc.*, v. *Blevins*, 34 S. W., 834.

ZANE, C. J.

This is an appeal by the Bear River Irrigation & Ogden Water Works Company, a defendant, from the order of the court below approving the report of Thomas D. Dee, Receiver, and allowing the various items thereof, and ordering them to be paid out of funds in his hands.

As to the motion of plaintiff to dismiss this appeal for the reason, as alleged, the order appealed from was not a final judgment, we are of the opinion the order requiring the compensation to the receiver and I. N. Pierce, and the payment to Griffin and the Ogden Standard, out of funds in the receiver's hands was final, and therefore appealable, and we therefore overrule it.

It appears from the record, that Mr. Dee was appointed receiver *pendente lite* of the Water Works system in Ogden City on January 17, 1898, on the application of plaintiff, Ogden City; that he immediately qualified and took possession and charge of the system and its buildings and managed and operated it until April 20, 1898; that the order appointing him receiver was reversed by this court, with directions to the lower court to order a return of the property to the appellant, which was done; that on April 27, 1898, Dee filed his report, as such receiver, showing a collection of water rents to the amount of $11,247.07, and that he had disbursed $1,266.45 for labor, $148.53 for material, and $90.50 for general expenses, and in addition he asked the court to allow him $750, out of the funds as compensation as receiver, and to I. N. Pierce as inspector, $219.30; and S. G. Griffin for a stamp, $3.25; and the Ogden Standard for advertising, $14.00. To the allowance of these last four items, the appellant objected, and it assigns the order of the court allowing them and ordering their payment out of the funds as error.

That the compensation to the receiver and to Griffin were customary and reasonable for their time and services, and that the charges for the stamp and publication were reasonable, no question is made. The sole question is, was it error to order their payment out of the fund?

It appears the receiver was appointed on the application of the plaintiff, and over the objections of the appellant, and that it would not have been necessary to incur the items of compensation to the receiver, or to Mr. Pierce, or for the stamp or publication had the property remained in appellant's hands and the business under its control. The appellant was wrongfully deprived of the possession of its property and of the control of its business without its consent, upon the petition of the plaintiff. It would be inequitable to require the appellant to pay the extra expense of conducting its business caused by the erroneous order obtained by the plaintiff.

We understand the rule supported by the weight of authority is, when a receiver is appointed on the application of one of the parties and takes possession, and the appointment is afterwards set aside because erroneous, and the property is returned, that all expenses incurred in consequence of the appointment, additional to those that would have been necessary, had the property remained with such opposite party, ought not to be paid out of the fund, but by the party at whose instance the appointment was made. The expenses incurred by the receiver that would have been necessary for the appellant to incur had it remained in the possession of its property and in the control of its business, was properly paid out of the fund; but such as it would not have been necessary for him to incur should be charged to the party procuring the order. Such expenses should be regarded as incurred in consequence of an error at his instance. *Weston* v. *Watts*,

52 N. Y., 219; *City of St. Louis* v. *St. Louis Gas-Light Co.*, 11 Mo. App., 237; *P. N. Bank* v. *Bayne, et al.*, 140 N. Y., 321; *Moyers* v. *Corner*, 22 Fla., 422; *French* v. *Gifford*, 31 Ia., 428.

We hold that so much of the order appealed from was erroneous, as authorized compensation to the receiver and to I. N. Pierce, and the items for a stamp and for the publication of notice out of the fund; such expenses should have been taxed against the plaintiff. The remainder of the order is affirmed.

The cause is remanded to the court below, with directions to tax the expenses in accordance with this opinion, and to so order them paid.

Costs of appeal to be taxed against plaintiff.

BARTCH J. and MINER, J., concur.