# Sullivan Timber Co., *et al. v.* Black.

*Bill for Receiver, and to Wind up Corporate Affairs.*

(Decided Feb. 11, 1909. 48 South. 870.)

1. *Receivers; Appointment; Grounds.*—A bill seeking to have a receiver appointed to take charge of the property of a legally dissolved corporation which alleges only that a sale or lease of the corporation property was contemplated, and that it was not the best sale or lease that could be made, but does not allege the insolvency or the corporation, the incompetency of the trustee or that any fraud was attempted to be perpetrated upon the corporation, the stockholders or anyone else, states no ground for the appointment of a receiver.

2. *Corporation; Foreign Corporation; Dissolution; Continuance for Purpose of Winding up.*—A corporation of the state of Florida dissolved by a decree of the Florida court under section 2155, Rev. St. of Florida, 1892, has full power to sell or lease its corporate property in Alabama through or by its directors as trustees under said Florida section, in the absence of any law in Alabama, to the contrary.

[Sullivan Timber Co., et al. v. Black.]

3. *Corporation; Dissolution; Directors; Authority.*—The directors or trustees of a business corporation are the managing agents of the corporation, and have all the authority of the corporation itself in the conduct of its ordinary business including the right to convey its property in the absence of any restriction in its charter or by-laws, or of statutory or constitution inhibition, and statutes fixing the authority of the directors as trustees to wind up the business of the corporation and a decree dissolving the corporation does not deprive the directors of their powers as agents of the corporation, so that a subsequent order of the court is not necessary to authorize them to sell the corporate property.

4. *Same; Officers; Compensation; Effect of Dissolution.*—Where at the instance of stockholders, a corporation is dissolved and placed in the hands of trustees, the office of president of the corporation was terminated, and the incumbent at the time is not entitled to receive a salary as president in addition to compensation as receiver to which he was appointed subsequent to the dissolution; even if entitled to such compensation, the former president's remedy would be at law and not in equity.

5. *Costs; At Law and in Chancery.*—The statutes and rules regulating costs at law and in equity are entirely different, since in chancery under the provisions of section 3222, Code 1907, cost may be apportioned at the discretion of the chancellor.

6. *Same; In Equity.*—The discretion reposed in chancellors to apportion cost is a legal one to be exercised in accordance with general rules and precedents, and the chancellor cannot arbitrarily give or withhold cost at pleasure.

7. *Receivers; Nature of Office.*—A receiver is not the representative of a corporation or other person whose property he holds; his possession is that of the court, and he is the arm of the court to hold possession of the property and manage it for the benefit of those ultimately entitled to it.

8. *Same; Payment of Money; Authority.*—A receiver being an officer of the court cannot ordinarily pay out any money in his hands as such receiver without an order of the court, general or special.

9. *Same; Compensation; Method of Payment.*—A receiver's compensation may be allowed in periodical payments, in gross sum, or in the form of commissions on receipts and disbursements, in the discretion of the court; but if commissions are allowed, they are generally regulated with reference to the amount allowed by statute to personal representatives, etc.

10. *Same.*—Where a receiver is appointed in a legal manner and in good faith discharges his duties, he should not be denied compensation because the court had no power to appoint him; but should be paid out of the estate for his reasonable services, although the appointing order is subsequently reversed and the bill under which it is made, dismissed.

11. *Same; Bonds; Action for Damages.*—Persons damaged by the appointment of a receiver have a right of action on the bond required to be given by the complainant before the appointment of a receiver, regardless of who must pay the costs in the suit where the appointment is vacated.

[Sullivan Timber Co., et al. v. Black.]

12. *Same; Recovery of Damages for Wrongful Appointment.*—The amount of damages suffered by the appointment of a receiver cannot be adjudicated in the decree vacating the appointment, nor in any suit in the chancery court. .

13. *Same; Unauthorized Payment of Debt; Liability.*—Where neither the justice nor the amount of the debt is disputed, the confirmation by the chancellor of unauthorized payments by a receiver of the debts of the company worked no injury to the parties contesting the receivership, although the chancellor had no right to order a confirmation.

14. *Same; Expenditures; Employment of Counsel.*—Where a receiver employs counsel, the courts will determine the amount to be allowed for such services to the receiver, but where the employment was unauthorized, and the court may not allow a receiver credit for a payment made to counsel for such services, the court may ratify the receiver's act in passing upon his account, although not allowed in the first instance.

15. *Receivers; Expenses of Administration; Premium on Bond.*—If compensation be allowed the receiver at all, the receiver is properly credited with the premium on the bond, since it is a proper charge for the expense of administration of receivership.

16. *Same; Outlay by Agreement of Parties.*—Where, by agreement of the parties to the suit a stenographer was hired, to be paid out of the trust funds in the hands of a receiver, but subject to whatever taxation of cost should be decreed in the case, such agreement left the matter to the decree of the court and the expense could not be said to be improperly allowed because it could not be taxed as costs.

17. *Appeal and Error; Compensation of Receiver; Discretion.*—The amount to be allowed a receiver as well as the question of whether anything should be alowed, rests within the sound discretion of the court, in the absence of a statute regulating such compensation, and . the court's action will not be reviewed on appeal unless the discretion is manifestly abused.

18. *Same.*—The taxation of the costs of compensation for a receiver improperly appointed as well as the costs of the suit necessary upon the administration of the estate while the receivership was pending rests within the sound jurisdiction of the court, subject to review only in case of abuse, or where the chancellor clearly acts arbitrarily, and not in the proper exercise of the authority vested in him by the statute, and decisions of the state.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by John W. Black against the Sullivan Timber Co. et al for the appointment of a receiver, etc. From a decree of dismissal and a decree taxing the costs, both parties appeal. Affirmed on both appeals.

[Sullivan Timber Co., et al. v. Black.]

BLOUNT & BLOUNT, and STEVENS & LYONS, for appellant, and cross appellee.   The property was in the lawful custody of the trustees under the Florida statutes.— *Black v. Sullivan T. Co.*, 40 South. 669. The bill was insufficient to justify the appointment of a receiver, or an injunction to prevent the threatened act complained of. —*Bridgeport Dev. Co. v. Trisch*, 110 Ala. 286; *Roman v. Woolfolk*, 98 Ala. 237; *Etowah Min. Co. v. W. V. M. & M. Co.*, 106 Ala. 497; *Warren & Co. v. Pitts*, 114 Ala. 68; *Briarfield I. W. v. Foster*, 54 Ala. 633; *Ft. Payne F. Co. v. Ft. Payne C. & I. Co.*, 96 Ala. 477; *Hughes v. Hatchett*, 55 Ala. 681; *Randle v. Carter*, 62 Ala. 95; *Satterfield v. John*, 53 Ala. 127.   Under all the principles of equity Black is estopped from asserting any claim to salary, and if not estopped the dissolution of the corporation terminated the contract of employment without any breach on the part of the employer.—36 S. E. 188; 91 N. Y. 174; 88 Fed. 680.   Furthermore the affairs of the complainant were in the hands of the court. The power of the board of trustees to sell and convey the land must be determined by an examination of the Florida statutes, which are contained in sections 2145, 2155 and 2157, of the Florida Code.   Their language clearly contemplate a sale of the property by the trustees to pay the debt. There was a departure and this question was properly raised by a motion to dismiss.—*Park v. Lyde*, 90 Ala. 246; *Winston v. Mitchell*, 93 Ala. 554; *Caldwell v. King*, 76 Ala. 149; *Penn v. Spence*, 54 Ala. 35; *Vanderford, v. Stovall*, 117 Ala. 344.   Notwithstanding the discretion of the chancellor as to taxing of the costs, the judgment taxing costs will be reviewed as there are other substantial questions presented.—*Hunt v. Lewin*, 4 S. & P. 147; *Randolph v. Rosser*, 7 Port. 249; *Alexander v. Alexander*, 5 Ala. 517; *Garner v. Pruitt*, 32 Ala. 294;

[Sullivan Timber Co., et al. v. Black.]

*Ex parte Robinson,* 72 Ala. 391. Inasmuch as the record fails to reveal any equity demanding a different judgment, the prevailing party is entitled to cost.—11 Cyc. 34; 11 Pick. 448; 5 Pick. 259; 5 Ency P. & P. 186; 70 N. W. 467; *Gray v. Gray,* 15 Ala. 786. The allowance of compensation to the receiver was erroneous.—Florida Statutes, supra; 27 Am. Rep. 743; 1 Tenn. Cahn. 472; 2 Id. 110; 11 Veasey Jr. 363; 15 Id. 583; 1 Pom. Eq. Rem. secs. 150-151; High on Receivers, sec. 795; 79 Pac. 700; 183 Ill. 467; 56 N. E. 169; 72 Ill. App. 395; 23 A. & E. Ency of Law 1106-7; Sec. 801, Code 1896.

L. H. & E. W. FAITH, for appellees, and cross appellants. The court did not err in allowing the receiver credit for the debts of the corporation paid by him.—46 Atl. 660; 91 Ill. App. 265; 23 A. & E. Ency. of Law, pp. 1064-1072, 1106; High on Receivers, sec. 798, 805-6. There was no error in allowing receiver compensation.—75 N. E. 31; 105 U. S. 527; 113 U. S. 116; 69 N. E. 54; 133 U. S. 78; 151 U. S. 333; 23 A. & E. Ency of Law, 1106. The court may, in the exercise of its discretion, direct the costs and the compensation of the receiver to be paid of the funds under the control of the court.—*Beckwith v. Carroll,* 56 Ala. 12; *Bryan v. Bryan,* 28 Ala. 516; *Randolph v. Rosser,* 7 Port. 249; *Kitchell v. Jackson,* 71 Ala. 556; *Faulkner v. Campbell Co.,* 74 Ala. 359; *Allen v. Lewis,* 74 Ala. 379; *Conner v. Armstrong,* 91 Ala. 267; *Thornton v. H. A. & B. R. R. Co.,* 94 Ala. 357; *Wills Valley Co. v. Galloway,* 139 Ala. 267. The equity of a bill is not tested by the denial of the material facts alleged even by sworn answer.—*Werbon v. Kahn,* 93 Ala. 201; *Thorington v. City Council,* 88 Ala. 548; *Zellnicker v. Bingham,* 74 Ala. 598; *Watts v. Eufaula Bank,* 76 Ala. 474. The powers of the trustee were limited by and the

execution thereof referable to the Florida statutes, section 2157 of which excludes and repels the idea of any power in them to sell the property of the trust estate, and extend the trust beyond three years from the dissolution of the corporation.—*Dudley v. Witter*, 46 Ala. 664; *Price v. Methodist Conference*, 42 Ala. 39. If they have the power it would have taken the united action of all five trustees to execute it.—*Scruggs v. Driver*, 31 Ala. 287; *Tarver v. Haynes*, 55 Ala. 503; *Robinson v. Allison*, 74 Ala. 254; *Werborn v. Austin*, 77 Ala. 384. A court of equity is the only forum wherein the beneficiary can be protected.—*Huckabee v. Billingsley*, 16 Ala. 414; *Mc Brier v. Kanker*, 64 Ala. 50; *Amberson v. Johnson*, 127 Ala. 490. Both the property and the trustees being in this state, the court has jurisdiction.—5 Ala. 523; 8 Ala. 680; 18 Ala. 784; 32 Ala. 314; 7 Paige 239; Thompson on Corporations, sec. 8011. There was no estoppel as to Black.—*Buckley v. Anderson*, 137 Ala. 325. Black was entitled to his salary as president.—*Nelson v. Hubbard*, 96 Ala. 238; *Black v. Sullivan T. Co.*, 40 South. 669; 146 Pa. St. 478; 53 N. W. 291; 30 Pac. 1024; 25 W. Va. 36.

MAYFIELD, J.—The original bill in this case was filed by the appellee and cross-appellant, John W. Black, against the Sullivan Timber Company and other individuals, who were trustees of the Sullivan Timber Company, at that time a dissolved corporation under the laws of Florida. The bill was subseqently amended by adding as respondents certain stockholders of the Sullivan Timber Company. The Sullivan Timber Company, a corporation, was dissolved by a decree rendered by the circuit court of Escambia county, Fla., at the suit of the stockholders, one of whom was the complainant, Black. The original respondents to the bill, in connection with

the complainant, Black, were directors of the corporation prior to its dissolution, and by virtue of the statutes of Florida and the decree of the circuit court dissolving the corporation the directors became the trustees of the corporation charged with the duty of winding up the affairs, and were proceeding so to do at the time the bill was filed by the complainant, Black, who was appointed a receiver of the corporation by the register of the chancery court of Mobile, in which the bill was filed without notice. From this appointment an appeal was taken under the statute to the chancellor, who vacated and annulled the appointment, and from this decree of the chancellor an appeal was prosecuted by the complainant to this court, which decree was affirmed.—See *Black v. Sullivan Timber Co.*, 147 Ala. 327, 40 South. 667.

At the time of taking the first appeal to this court the chancellor made an order continuing the receiver in the possession of the property of the corporation pending the appeal, which provided that he should merely hold and protect the property. It was nearly a year from the time the appeal was taken until decided by this court. During this time the receiver continued to administer the affairs of the corporation. Soon after the affirmance by this court on the former appeal, the receiver filed his accounts, and a reference was duly ordered to be held. Soon thereafter the complainant, who was the receiver, with leave of the court amended his bill, filing what is called by the counsel for appellants a "substituted bill," which not only detailed the facts stated in the original bill, but also contained additional matter occurring since the bill was filed. This substituted bill sought, among other things, to have the chancery court to take jurisdiction of the affairs of the corporation and administer the same through the five statutory trustees, who were made such by the statutes and the decrees

of the courts of Florida at the time of the dissolution of the corporation. The receiver had filed an account, showing the receipts and disbursements of nearly $80,-000. A reference was ordered, and held, to pass upon this account, and numerous exceptions were filed by the receiver to the register's report, many of which were sustained by the chancellor. The chancellor, however, re-stated the account, which constituted a part of the register's report. After this report a reference was ordered for the purpose of ascertaining the compensation to be allowed the receiver. The register reported an amount aggregating nearly $3,000. To this report exceptions were filed, which were overruled by the chancellor. Subsequent to this time the respondents filed a motion to dismiss the bill as amended for want of equity; and among other grounds was one that the bill was a departure from the original bill, and a demurrer was also interposed upon this ground. Upon the hearing of this motion the chancellor granted the motion and dismissed the bill, but taxed the entire costs of the case again the trust or fund in the hands of the receiver, and directed that the receiver pay over to the trustees of the corporation the funds remaining in his hands after the allowance of his own compensation and the costs of the case. This order was complied with by the receiver's paying over the money to himself as one of the trustees, and executing his receipt, by himself as trustee, to himself as receiver, and depositing the amount in the bank through which the corporation appears to have carried on its business. The respondents then sued out this appeal, and assign various errors as to all the rulings of the register and the chancellor upon the receiver's account adverse to the corporation, or to the respondents, and to the allowance of compensation to the receiver, and to the taxing of costs against the corporation or

trust fund. The complainant also sued out a cross-appeal, and assigns as error the dismissal of the amended bill and the refusal of the chancellor to allow the complainant, who was the receiver, a credit for salary as president of the corporation, which office he had filled for a long time, and held at the time of the dissolution of the corporation.

It is unnecessary on this appeal to decide whether or not the original bill contained equity, or whether or not it would justify the appointment of a receiver as originally filed, for the reason that it was decided on a former appeal by this court, in a learned and able opinion by Justice Haralson, that the averments and proof under the former bill did not make out a case for the appointment of a receiver. Much stress is laid by counsel for appellants and appellee, in their briefs, upon an expression of Justice Haralson in the former opinion, as follows: "It may be, without more, that the facts stated in the bill would be sufficient on which to appoint a receiver in this case; but the answer under oath denies the material averments of the bill on which this contention rests." It clearly appears that this statement by Justice Haralson was dictum at most. It could not now affect the rights or remedies of any of the parties to this suit on this appeal to determine whether or not the original bill contained equity, or whether it justified the appointment of a receiver, for the reason that the court decided on a former appeal that the receiver was improperly appointed, and the chancellor has decided, and with him we concur, that there was no equity in the amended bill, though the chancellor seems to base his opinion upon the ground that there was a variance in the original. As to this it is not necessary for us to decide. Suffice it to say that the bill as amended was without equity, and properly dismissed. We are unable to see how the

[Sullivan Timber Co., et al. v. Black.]

chancery court, or this court, could better administer the affairs of the corporation through the five trustees than the trustees themselves could administer it, in the absence of a showing of incompetency, insolvency, or fraud on the part of the trustees. There is no allegation in either the original or the amended bill that the corporation is insolvent, or that the trustees are incompetent, or that any fraud was attempted to be perpetrated upon the corporation, the stockholders, or any one else. The most that does appear, either from the allegations or the proof, is that the parties were about to make a sale or a lease of the property, which was not the best sale or the best lease that could be made. That the receiver, who was one of the trustees, and complainant, was a man of large experience in the affairs of corporations, having been president of defendant for a number of years, and being such at the time of its dissolution, and that he was a man of great capacity for work of this kind, and that he could manage and had managed the affairs of the corporation better than they were being managed and would be managed by the five trustees named, or a majority thereof, were matters conceded.

We see no reason why the trustees of the corporation, under the statutes of Florida set out in this case and under the decree of the circuit court of Escambia county, Fla., dissolving the corporation and directing that its affairs be wound up by the trustees, did not have sufficient power to sell or lease the property of the corporation, whether it be land or personal property. If they had no such power under the statutes and under the decree of the circuit court of Escambia county, Fla., it is difficult to see how the chancery court of this state could give them any greater powers of disposition. These trustees were the original directors of the corporation. The statutes of Florida above referred to provided that these

same officers of the corporation should be the trustees. These statutes provide that the settlement of the affairs of the corporation so dissolved shall be managed as prescribed in cases of voluntary dissolution. This section, among other things, provides that the trustees shall have full power to settle its affairs, collect its outstanding debts, and divide the money and other property among the stockholders. Neither these statutes nor the decree of the court of Florida contemplates that the trustees need the aid of any other court to dispose of the property. There is no distinction made between the real and the personal property of the corporation, and it is difficult to see how they could wind up the affairs of the corporation and divide and distribute the proceeds without a sale. Section 2155 of the Revised Statutes of Florida of 1892, among other things, provides that the corporation dissolved shall be continued as a body corporate for three years after dissolution to enable it to dispose of and convey its property. We do not think that there can be any doubt as to the power and authority of these trustees to dispose of this property, unless there be some laws in Alabama to the contrary. We know of no law in this state to the contrary, nor do we see that such statutes of Florida or the decree of the court based thereon dissolving the corporation contravenes the policy of any laws of this state or of public policy. In this state, at the time of this dissolution, we had kindred statutes, as was decided by Justice Haralson in the former case.— See sections 1291-1301 of the Code of 1896. Our statute authorized a dissolution of the corporation in the chancery court in the same manner that these statutes of Florida authorized a dissolution in the circuit court. There is quite a similarity between the statutes of Florida and those of this state above referred to, and the statutes and the proceedings in the court would be useless

if they did not authorize the trustees to sell the proper-
ty for the purpose of winding up the affairs of the cor-
poration.

In business corporations the managing board is usually
called the board of directors, though sometimes called
trustees, and these directors are the general or managing
agents of the corporation; and these directors, in the ab-
sence of restrictions in the charter or by-laws, or of stat-
utory or constitutional inhibition, have all the authority
of the corporation itself in the conduct of its ordinary
business. Hence, without the statute of Florida or with-
out the decree of the court dissolving, these are the par-
ties who would have the right to convey the property
of the corporation, and certainly it cannot be said that
these statutes or the decree of the court dissolving the
corporation had the effect to take from these individuals
the power of disposing of the property. It may be said
that the capacity in which they dispose of it is changed
by the statute and by the decree, and that they must
thereafter dispose of it as trustees, instead of as direc-
tors.—See Thompson on Corporations, vol. 3, § 3697 et
seq. Consequently the claim that there was equity in the
amended bill, for the reason that it was necessary to
authorize a sale of the property of the corporation, is
without merit.

We do not think there is any merit in the claim of the
receiver that, in addition to his compensation as receiver,
he is entitled in this action (or in any other action, for
that matter) to compensation or salary as president of
the corporation after dissolution. This claim clearly has
no standing in a court of law or equity. In the first
place, the corporation was dissolved at the suit of the
stockholders, chief among whom was the receiver, and
it was there that the corporation was placed in the hands
of a board of trustees, of which body he was one. The

fact of this decree of dissolution certainly terminated the office of president of the corporation. It certainly had the effect to discharge him as president from the performance of the duties of president of the corporation, and to enjoin-upon him the performance of other duties as one of the trustees for winding up the affairs of the corporation, instead of the services of president. It would certainly be an anomalous proceeding to allow the complainant to file his bill in the court of Florida, asking a dissolution of the corporation of which he was the president, a stockholder, and a creditor, and its commitment to the hands of a board of trustees (he being one of those trustees), with instructions and directions under the law to wind up the affairs of the corporation, and then continue thereafter to allow him a salary for services which he could not perform; but, if it should be conceded that he was entitled to compensation as president of the corporation, it is not matter for adjudication or allowance in this suit, filed by him as complainant, under which he has acted as receiver of the corporation appointed by the court. If he has any right or remedy, it is in a court of law, and not in this court; and he having filed this bill of complaint in the chancery court of Mobile county, and having had himself appointed receiver, and as such receiver, under the directions of the court, having continued to manage the affairs of the corporation exclusively, and having been allowed compensation therefor, it would certainly be unjust and inequitable, after such exclusive control by him as receiver, to allow him additional compensation as president of the dissolved corporation, which was dissolved at his instance and request. It therefore follows that the cross-appellant has no cause for complaint as to the errors assigned on his cross-appeal.

[Sullivan Timber Co., et al. v. Black.]

It must be conceded that this is an anomalous case in many respects. The bill filed was chiefly for the appointment of a receiver of the dissolved corporation, for the purpose of winding up the affairs of the corporation through the court under the direction of the receiver. By a former decision of this court, and by the decision on this appeal, it conclusively appears that the bill was improperly filed, and that the receiver was improperly appointed, that the receiver was properly discharged, and that the original and amended bills were properly dismissed; and yet it appears that the complainant has not been and should not be taxed with the costs of the proceeding, further than his interest in the trust fund may appear. While the original bill and the amended bill were properly dismissed for want of equity, and the receiver was properly discharged, notwithstanding this, it follows that the learned chancellor in the court below was of the opinion that the trust estate had been benefited by the services of the receiver as such, and that loss or deterioration of the trust-estate had been prevented by the filing of the bill, the appointment of the receiver, and by his management of the estate upon the litigation. It is true, as stated by counsel for appellant in their brief, that this was a question which was not litigated, and as to which the decree of the lower court does not adjudicate. Yet it remains that it does have influence in allotting and awarding costs of the litigation, as to the compensation to which the receiver is entitled, and as to making the costs of the proceeding a charge against the funds of the estate, under the statutes and practice regulating proceedings in courts of chancery in this state.

Whatever may be the law of England, or of other states, it is the settled law of this state that the statutes and rulings regulating costs in courts of law and in

courts of equity are entirely different. In courts of law by statute (section 1325 of the Code of 1896, now section 3662 of the present Code), the successful party in civil actions is entitled to full costs, except in case otherwise directed by law; whereas, in chancery, the rule is entirely different, and made so by statute (section 851 of the Code of 1896, now section 3222 of the present Code), by which it is provided that costs may be apportioned at the discretion of the chancellor. So it follows that, by statute, in courts of law the successful party recovers full costs, as to which the trial court has no discretion, except in cases otherwise provided by law; whereas, in courts of chancery, the costs are apportioned at the discretion of the chancellor. This might be true without the statute referred to, though as to this we do not decide; but it is certainly true with the existing statutes. The statute providing that costs in equity shall be paid by either party, at the discretion of the court, first appeared by an act of the territorial Legislature of Mississippi in 1807. See section 26, p. 350, Clay's Dig. It appeared as section 3007 of the Code of 1852, which is, as codified, in accordance with another previous statute to authorize execution against security for costs. This section has reappeared in all succeeding Codes without any material change. The statute was first construed in the case of *Gray v. Gray*, 15 Ala. 786, as it then appeared in Clay's Digest. Chilton, J., referring to the statute, says: "As to the matter of costs, we have felt some hesitation. The statute declares 'that costs in chancery shall be paid by either party, at the discretion of the court.'—Clay's Dig. p. 350, § 26. This statute but affirms a general principal, which obtained as the law before its passage. But, although the court has a discretion with respect to costs, it is not to be understood that it should give or with-

hold costs at pleasure, but may, it is said, exercise a legal discretion, in accordance with general rules and former precedents." There were several previous decisions of the court, to wit, the cases of *Hunt v. Lewin,* 4 Stew. & P. 138, and *Randolph v. Rosser,* 7 Port. 249, which announce the same rule, declared in the statute, but without any direct reference to the statute, though the statute was existing at that time.

Stone, J., in the case of *Allen v. Lewis,* 74 Ala. 381, says: "As a general rule costs in equity may be decreed against either party, or may be apportioned in the discretion of the chancellor; and the error in this regard, if there be nothing more in the case, is no ground for the reversal." But, continuing, the learned judge adds: "We have rulings which slightly modify this rule, and hold that, if a substantial question be presented on appeal, the decree may be varied as to costs, although affirmed in every other material point." He further adds: "We need not say whether we approve this doctrine or not, as it does not arise in this case. The rule we have announced is certainly a sound and just one. It enables the chancellor to impose the burden of the litigation where he finds the fault to lie, or to apportion the burden where there has been mutual fault; but, to call this discretion into exercise, the cause either in whole or in part must have been submitted to him for decision and decree. The judicial mind must have acted on some question of merit in the case before there can be a subject or a predicate on which to exercise the discretion."

Somerville, J., in the Case of *Falkner v. Campbell Printing Press Co.,* in concluding the opinion in that case (74 Ala. 364), says: "The taxation of costs was a matter of discretion, and they could be properly taxed and made payable out of any moneys in the custody of the court which belonged to any of the parties litigant

and subject to the lien of the mortgages sought to be fore-closed." The same justice, in the case of *Mahan v. Smith-erman,* 71 Ala. 563, in concluding the opinion of the court, says: "The taxing of the costs was a matter within the wise and just discretion of the chancellor, and is a matter not revisable in the appellate court"—citing section 3900 of the Code of 1876 (1 Brickell's Dig. p. 733, § 1374).

Simpson, J., in the recent case of *Francis v. White,* 142 Ala. 590, 39 South. 174, referring to the authorities above, says, in concluding the opinion: "The matter of the payment of costs rests within the discretion of the court." So it follows, by statute and the unbroken line of decisions of this court for nearly 100 years, that costs in chancery cases may be apportioned at the discretion of the chancellor, or may be decreed against either party, and that an error in this regard, if there be nothing more, is no ground for a reversal, but that if, in addition to this question, there be a substantial question presented for the appeal, the decree of the chancellor in a particular case may be varied as to costs, although affirmed in other material points, though this discretion accorded the chancery court is a legal discretion, in accordance with the general rules and former precedents, and does not authorize the chancery court to arbitrarily give or withhold costs at pleasure.

As to the compensation allowed receivers by courts of equity, by which they have been appointed and discharged, the rule seems to be that, in the absence of a statute regulating the amount of the receiver's compensation, the amount, as well as the prior question of whether or not anything should be allowed, rests within the sound discretion of the chancellor, and that the appellate court will not disturb the action of the chancellor, unless it manifestly appears that this discretion has been

abused.—*Stuart v. Boulware,* 133 U. S. 78, 10 Sup. Ct.
242, 33 L. Ed. 568; *Hinckley v. Gilman,* 100 U. S. 153,
25 L. Ed. 591. Certain rules have been announced by
the various courts of the United States for the direction
of the courts in allowing and fixing the compensation
of receivers. Some of these rules are to the effect that
the court should have regard to the amount of work to be
done by the receiver, the kind, character, and extent of
services to be rendered, the value, nature, and kind or
character of the property intrusted to the receiver's
care and management, as well as of the benefits and ad-
vantages, accumulation, or losses received from or the
result of the efforts, labor, attention, or want of the
same, on the part of the receiver.—*Henry v. Henry,* 103
Ala. 582, 15 South. 916.

A receiver derives his authority as receiver from the
act of the court appointing him, and not from the act of
the parties at whose suggestion or by whose consent he
is appointed; and the utmost effect of his appointment
is to put the property from that time into his custody
as an officer of the court for the benefit of the party
ultimately proved to be entitled, and not to change the
title to, or even the right of possession in, the property.—
*Union Nat. Bank v. Kansas City Bank,* 136 U. S. 223,
10 Sup. Ct. 1013, 34 L. Ed. 341. The receiver is thus
said to be a mere arm of the court, to hold possession
of the property, take care of it, preserve it, and use it,
pending the litigation, and that while it is in his custody
as such receiver it is not in his custody as a trustee, but
as an officer of the court; that his possession is therefore
the possession of the court; that while he continues to
hold it as a receiver of the court the property is in custo-
dia legis, and consequently the court will not permit a
receiver appointed by its authority, and who is there-
fore its officer, to be interfered with or dispossessed of

the property intrusted to his custody as an arm of the court, although the order appointing such receiver may be erroneous. A receiver may be said to represent the court which appointed him, and is sometimes said to be the hand of such court.—*Brown v. Warner,* 78 Tex. 543, 14 S. W. 1032, 11 L. R. A. 394, 26 Am. St. Rep. 67.

Hence, where a receiver is appointed for a corporation, he is not the representative of the corporation, but is the representative of the court which is for the time, at least, administering the affairs of the corporation. A receiver, therefore, cannot appeal from an allowance made by the court in favor of the claimant against funds in his hands. The receiver, as stated above, is a mere arm or hand of the court.—*Lehigh Coal Co. v. Central Railroad Company,* 35 N. J. Eq. 426. It therefore follows as a general proposition that a receiver cannot pay out any money which has come into his hands by virtue of his office, without being authorized thereto by the order of the court, general or special. In all cases he should have, in order to justify the payment, either expressed or implied authority from his creator and ruler, which is the court appointing him.

A receiver should not be allowed compensation for his services in different capacities. If he receives compensation as a receiver, it should be in lieu of compensation in other capacities.—*Battaile v. Fisher,* 36 Miss. 321; *Holcombe v. Holcombe,* 13 N. J. Eq. 417. The compensation may be allowed in the form of periodical payments, of an annual or monthly salary, or of a gross sum, or in the form of a commission on receipts and disbursements. This is left to the sound discretion of the chancellor or court appointing him and allowing compensation; but, if commissions are allowed, they are generally regulated or determined with reference to the amount allowed by

statute to personal representatives, trustees, guardians, etc.—*Magee v. Cowperthwaite,* 10 Ala. 966.

Compensation should not be denied a receiver. because the court had no power to appoint, if he was in fact appointed in a legal manner and has in good faith discharged the duties of such receiver.   The court will protect him while acting under the orders of the court, and may award compensation out of the estate or property intrusted to him for his reasonable services, notwithstanding the order of appointment is subsequently reversed and the bill under which he is appointed is dismissed. But it has been held that, if the appointment of a receiver was wholly unauthorized and unwarranted, compensation may be denied.   The courts of the various states are at variance upon this question.   Justice Tyson, in the case of *Wills Valley Co. v. Galloway,* 139 Ala. 280, 35 South. 850, speaking of this question, says:  "But the cases are by no means unanimous on this point—some of the cases holding that the receiver must get his compensation, if at all, out of the fund; others, that the complainants are liable for it."   In one line of cases it is held that fees paid by the receiver to his attorney for professional services and other legitimate expenses incurred by him as such receiver are a part of the costs of the administration, and are therefore not admissible as costs in the litigation against the losing party.   Another line of cases, cited and referred to by Justice Tyson, is to the effect that courts may reduce the amount of the compensation of the receiver and order a part to be charged against the funds, and another to be adjudged against the losing party; and it was said by the learned justice, now Chief Justice of this court, on page 281 of 139 Ala., and page 850 of 35 South., that these two lines of cases show that all expense incurred by the receiver in the administration of the affairs committed to him, as well as

his compensation, is not as matter of course taxable as costs against the complainant.

Whether the complainant should be held liable depends, not alone upon the fact that the receiver was improperly appointed, but also upon the character of the demand, and the learned Chief Justice concludes by saying that he wishes to be understood as not intimating which of the two lines of cases should be followed, because they were not then before the court. The question is now, for the first time, before this court as to whether or not the compensation of a receiver improperly appointed, together with the costs of the suit necessary upon the administration of the estate while the receivership is pending, should be paid out of the funds of the estate administered, or whether they should be taxed against the losing party, or whether the whole matter, both as to costs proper and compensation to the receiver, should be left to the sound discretion of the chancellor or court appointing, directing, and discharging the receiver. After a full examination of all the authorities, including text-books, and the decisions of this court and of the courts of other states, and in the light of the aid afforded by the splendid briefs of counsel for the respective parties upon this question, we conclude that it is more just and equitable to leave the whole matter in the sound discretion of the chancellor, subject to be revised by the appellate court only in case of abuse of the discretion, or where the act of the chancellor is clearly arbitrary, and not in the proper exercise of the authority vested in him by the statutes and the decisions of this court. What is said on this subject in the last report of the case of *Wills Valley, etc. Co. v. Galloway,* 47 South. 141, was correct, when applied to the facts of that case; but the facts of this case readily distinguish it from the *Galloway Case.*

[Sullivan Timber Co., et al. v. Black.]

It is strongly insisted by the learned counsel for appellant in this cause, and the argument is not without reason, that as the bill was improperly filed and the receiver improperly appointed, as judicially determined by this court, and the complainant and the receiver is the identical person, the costs incurred in this litigation, including the compensation and expenditures allowed the receiver, are necessarily wrongfully taxed against the trust estate, and that they are losses which should be borne by the parties at whose instance they were incurred. We confess that this argument is very persuasive; but we cannot yield to it without disregarding the express language of the statute, as well as a long line of decisions of this court extending over a period of nearly 100 years.. It may be said that a sufficient answer to this argument is that, before the complainant could have himself appointed receiver under the laws of this state, he was required to execute a bond, conditioned that he would pay all damages which any person might sustain by his appointment as such receiver, should the appointment be vacated. As such appointment has been vacated, the respondents, as well as all other persons, have a remedy by action upon that bond to recover all such damages as they may have sustained. The chancery court is not the proper tribunal, nor is the present action the proper one, in which to determine the amount of damages, if any, which the respondents or others may have sustained by the wrongful appointment of the receiver. So if the respondents have suffered damages by reason of the wrongful or unauthorized act of the complainant in having the receiver appointed, they are not without remedy, whatever may be the decree of the chancery court or of this court in allowing or apportioning the costs in the chancery court. It may be that it would be better for all of these matters to be determined by the same tribu-

nal and in the same action, yet such is not the law nor the practice in this state. What we have said above, of course, is not intended to control in any action that may be brought in a court of law upon the receiver's bond, but is only intended as an answer to the persuasive arguments of the learned counsel against the decree of the chancellor which is in most things affirmed by this court.

It is contended by counsel for appellant in their brief, that, although the receiver was without authority to pay the debts of the company, yet the chancellor had a right to confirm such demands, and consequently, after such ratification by the chancellor, appellant do not insist upon charging the receiver with the $34,104.45 which he used in paying the admitted debts of the company. In this we concur with counsel for appellant, and, if it could be said to be error on the part of the chancellor (which we do not hold), it would be error without injury; for it appears that the corporation was solvent, and that neither the justice, nor the amount, of the debts paid by the receiver, was disputed, and consequently it could be of no injury to any party to this suit to have paid these just debts. But it is insisted by counsel for appellant that the compensation allowed the receiver of $2,980 should not have been taxed against the funds of the corporation, or, if allowed, that it should have been taxed against the complainant. It is also insisted by counsel for appellant that many items entered as elements in fixing this amount of compensation were unjust, and that the compensation was also excessive for this reason. We agree with the chancellor as to all of his findings and rulings, in passing upon the accounts filed by the receiver, upon the register's report thereon, and upon exceptions thereto filed by the appellant. We also agree with him in the finding that the amount allowed the receiver was not excessive, and that it was

within the sound discretion of the chancellor, and not an abuse of the discretion, nor an arbitrary act upon his part, to make this a charge upon the trust fund then being administered, for the reason that it clearly appears, and is not denied, that the estate to be administered was considerable, that it required capacity, experience, and attention to faithfully and efficiently discharge the trust as receiver, and that the complainant had the capacity and experience in managing the affairs of this corporation, and that he was both vigilant and faithful to preserve the property and to prevent a loss to the beneficiaries of the trust. While we do not decide that as receiver he managed the property to a better advantage than would have been done by the trustees, of whom he was one, we are not prepared to say that there was revisable error, or even injury to the beneficiaries of the trust fund, consequent to his appointment or management as the receiver; nor can we say that it was unjust or inequitable to allow him compensation for his services as such receiver, nor that the amount allowed was excessive, nor that it was improperly charged against the trust fund. The reason assigned by the learned chancellor who seems to have devoted considerable study and learning to this case, is that John W. Black was properly appointed receiver by the register on a showing made before him, that pending the former appeal to this court he was continued as receiver and had charge of the property and funds, and that during this time, and until the property could be turned over under an order of the court discharging the receiver, compensation was allowed him, and that he should be compensated as such receiver out of the funds of the corporation; that he had administered the property to the interest of the corporation, and had preserved and managed it to the interest of the creditors and stockholders; that he had given his time, ability,

159—38

and attention to it, and that it was proper that he should be reasonably compensated therefor.

After reviewing carefully the whole record and all matters of fact and law set forth in briefs of counsel, we are persuaded that the chancellor was correct in fixing the amount of compensation and in allowing it to be charged against the funds of the corporation. For the same reason we do not think that there was error in the chancellor's allowing the receiver compensation to be reimbursed for the amount paid his attorneys. It is not shown that the services of these attorneys were unnecessary, or that the amount was unreasonable. It is the settled law of this state, and other states, that where a receiver employs counsel the court will determine the amount to be allowed for services to the receiver, though it has been held that courts will not allow a receiver payment made to counsel for services when the employment of counsel was not authorized; but the same rule applies to this as applies to the payment of debts by a receiver due from the corporation. If the court did not allow it in the first instance, it ratified the acts of the receiver by allowing it in passing upon the account. This is also true as to the amount of compensation allowed counsel for the receiver, and the allowance of counsel fees in this behalf is an allowance made in form to the receiver and not to the counsel. The receiver is an officer of the court, and is entitled to apply to the court for instructions and advice in respect of counsel.

Neither do we think there was any revisable error in allowing the receiver compensation for the premium paid on his receiver's bond. It was a proper and reasonable charge for the expense of the administration of the receivership, if compensation were allowable at all. We think there was no error in allowing the receiver compensation for the amount paid Hoffman as stenographer.

[Long, et al. v. Shepherd, et al.]

This amount was paid by the receiver under an agreement of counsel, and it was agreed that it should be paid out of funds of the company then in his hands as receiver, the same to be subject to whatever taxation of costs may be decreed in said cause. The same having been allowed the receiver by the chancellor, it cannot be said that it was improperly allowed because it could not be taxed as costs. The effect of the agreement was evidently to leave it to the decree of the chancellor, and consequently the decree as to this account cannot be disturbed.

We find no error in any of the allowances made by the chancellor. They all appear reasonable and proper. It therefore follows that this cause must be affirmed on both the direct and the cross-appeal, and the costs of the appeal in each case will be taxed equally against both parties thereto.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.