Argued October 19, 1917, affirmed January 8, 1918.

# HENDERSON v. TILLAMOOK HOTEL CO.

### (169 Pac. 519.)

**Appeal and Error—Reversal—Effect on Acts of Receiver.**

1. Where petition for hotel receiver's appointment was included in complaint for accounting, and the allegations, if true, were sufficient to justify his appointment, which was made with notice and after defendants had answered, a subsequent holding on appeal that the trial court's action was erroneous, with direction that the receiver be removed, did not declare the appointment void, nor was it such in fact, so that the receiver was in no sense a trespasser.

**Receivers—Authority.**

2. A hotel receiver had authority to make purchases of supplies which would have been a necessary expense, even if there had been no receivership.

**Receivers—Accounting.**

3. A hotel receiver was entitled to credit for payments for supplies purchased, whether the merchants so paid applied the payments to the receiver's accounts for such supplies, or to prior unpaid balances of the hotel company, since both accounts were obligations of the hotel company.

> [As to duty and power of receiver with respect to existing contracts, see note in Ann. Cas. 1912C, 949.]

From Tillamook: HARRY H. BELT, Judge.

Department 1. Statement by MR. JUSTICE BENSON.

This is an appeal from a decree of the trial court settling the final account of the receiver appointed to take charge of the hotel property of the defendant corporation, with directions in the order of appointment

"to act as such until the further order of this court, with full power and authority to take immediate and exclusive charge of the business and affairs of said defendant corporation, and to manage the same according to the orders and directions of this court from time to time to be made herein, and to take such necessary steps as may be necessary to procure sufficient funds to meet and liquidate running and current expenses of

the defendant corporation, and pay the claim of A. H. Gaylord and the said C. J. Carlton, and any other urgent demands against the same, and is hereby given power and authority to negotiate a loan upon the credit of the defendant corporation and its assets, etc."

In obedience to this order the receiver took possession of the property on May 5, 1914, and conducted the business thereunder until August 2, 1914, when, upon the reversal of such order by this court (*Henderson v. Tillamook Hotel Co.,* 76 Or. 379 (148 Pac. 57, 149 Pac. 473), the receiver was removed and directed to return the property to the defendant corporation. Thereafter, an accounting was had wherein the trial court made and entered a decree thereon as follows:

"Based on the findings of fact and conclusions of law heretofore found and made in this cause, it is by the court ordered that the receiver A. H. Gaylord pay to the defendant Hotel Company the sum of $422.

"That the said Hotel Company thereupon transfer and assign to the said Gaylord all his claims and interest in the claim now shown upon its books against one E. F. Helliere for $133 on account of draft cashed by the said Gaylord while receiver.

"That the said A. H. Gaylord have and recover of and from the plaintiff in this cause for his services as receiver the sum of $455, the further sum of $79 for his services in keeping account of the receipts and disbursements of the defendant company prior to his being appointed receiver, and the further sum of $289 on account of said Gaylord and Carlton as expert accountants, the further sum of $32.15 for premium on bond, labor and expert accountant and for publication of notice of hearing of final report, and that this shall be a full, final and complete settlement of all matters herein connected with the said receivership."

From this decree defendants appeal.

AFFIRMED.

For appellants there was a brief over the names of *Mr. Ralph R. Duniway* and *Mr. E. J. Claussen,* with an oral argument by *Mr. Duniway.*

For respondent, John Leland Henderson, there was a brief and an oral argument by *Mr. H. T. Botts.*

For respondent, A. H. Gaylord, there was a brief over the names of *Mr. H. T. Botts* and *Mr. Webster Holmes,* with an oral argument by *Mr. Botts.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. The evidence taken upon the accounting in this case is very voluminous, and is rendered vague and confused by what we deem an unnecessary elaboration of petty details. From it all, we gather that the receiver took charge of the property on May 5, 1914, at which time he received with the business cash to the amount of $132.40, bar supplies $1,034.72, and dining-room supplies $94.60. When he was removed on August 2, 1914, he returned to the defendant Hotel Company cash $654.97, bar supplies $1,221.29, and dining-room supplies $118.17. According to his own contention, he paid $2,504.37 of bills incurred by the defendants prior to his appointment, of which defendants concede the payment of $1,710.75. This discrepancy will be referred to later. He also incurred new obligations in conducting the business, which are still unpaid, to the amount of $2,336.81. The total cash receipts, including the money on hand on May 5, 1914, were $7,608.64 and the receiver accounts satisfactorily for $6,933.31, in the shape of necessary disbursements, in addition to the sum of $654.97 paid to defendants on August 2, 1914. The trial court properly disallowed

some of the disbursements and, as disclosed in the decree, ordered him to pay to defendants the further sum of $422 and gave judgment against the plaintiff for the receiver's compensation and other items of costs. The appeal of defendants appears to be based entirely upon the theory that the appointment of the receiver was a void act and as a necessary sequence that the receiver himself was a trespasser. This contention is without merit. The petition for the appointment was included in the complaint for an accounting and the allegations were sufficient, if true, to justify the action of the court. The appointment was made with notice and after the defendants had filed their answer. It is true that this court subsequently held that the action of the trial court was erroneous and directed that the receiver be removed: *Henderson* v. *Tillamook Hotel Co.*, 76 Or. 379 (148 Pac. 57, 149 Pac. 473), but did not declare the appointment void, nor was it so in fact. The decree was reversed because the evidence failed to support the allegations of the petition. This being true, it follows that the receiver is not in any sense a trespasser. In High on Receivers (2 ed.), Section 286, we find this statement of the law:

"An order appointing a receiver in a cause in which the court has full jurisdiction, affords protection to the receiver for all acts done under and in conformity with such order, even though it is afterward reversed for error."

This doctrine is supported by Beach on Receivers (Alderson's ed.), page 133. The court therefore very properly allowed as credits to the receiver, all disbursements made in paying the debts of the defendant corporation and in carrying on the business.

2. The discrepancy referred to, *supra*, arises from the fact that the receiver continued to do business with

certain firms who had accounts with the defendant corporation prior to the appointment, to whom there were unpaid balances due. New liabilities were thus incurred and the dispute arises upon the question as to whether subsequent payments to such firms were applied to the old or new obligations. The new accounts are a proper charge against the defendants, since the supplies thus purchased would have been a necessary expense, even if there had been no receivership: High on Receivers (4 ed.), § 809; *Ogden City v. Bear Lake etc. Irr. Co.*, 18 Utah, 279 (55 Pac. 385).

3. It follows that it can make no material difference to the defendants whether the payments in question were applied to the new or old accounts, since both are their obligations. We find no substantial error in the record and the decree is therefore affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE HARRIS and MR. JUSTICE MOORE concur.