## PRESIDIO MINING CO. et al. v. OVERTON et al.

(Circuit Court of Appeals, Ninth Circuit. February 26, 1923.)

No. 3896.

**1. Receivers ⊕⇒29(1)—Reversal of appointment does not show want of jurisdiction to make it.**

Where a receiver was appointed by the District Court in a suit where the court clearly had jurisdiction over the subject-matter, and the appointment was made only after a contested hearing, the fact that the Circuit Court of Appeals subsequently determined that the facts did not authorize the appointment of a receiver and reversed the order of appointment does not show that the District Court acted without jurisdiction in making the appointment.

**2. Receivers ⊕⇒200—Allowances to receivers are to be taxed equitably as other costs.**

Allowances to receivers for compensation for themselves and their attorneys are to be taxed as other costs under equitable principles, according to the discretion of the court.

**3. Receivers ⊕⇒200—On reversal of appointment, compensation can be charged against fund, and determination as to ultimate liability reserved.**

Where an order by a court of competent jurisdiction appointing a receiver was subsequently reversed, the compensation of the receiver for the services of himself and his counsel can properly be allowed from the fund in his hands, and the question of the ultimate liability of the parties to the suit for such compensation reserved by the court until the entry of final decree.

**4. Receivers ⊕⇒202—Exceptions to compensation not limited to last account, where matter was reserved by court.**

Exceptions to the compensation of a receiver are not to be limited to the last account filed by the receiver, where the whole question of assessment

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of costs, including the compensation of the receiver, was reserved by the court until the final decree.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; William C. Van Fleet, Judge.

Suit in equity by W. S. Overton and another against the Presidio Mining Company and others. From an order confirming the final account of the receiver, and allowing compensation to him and his counsel, to be deducted from the funds in his hands, but reserving the question of taxing such compensation against the plaintiffs until final decree, defendants appeal. Appeal dismissed.

R. T. Harding and Henry E. Monroe, both of San Francisco, Cal. (J. J. Dunne, of San Francisco, Cal., of counsel), for appellants.

William Denman and Wm. F. Rose, both of San Francisco, Cal. (Horatio Alling, of San Francisco, Cal., of counsel), for appellees.

Frank R. Wehe, of San Francisco, Cal., for receiver.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge. The history of the litigation out of which the present appeal arises is in Presidio Mining Co. v. Overton et al. (C. C. A.) 261 Fed. 933, Presidio Mining Co. v. Overton et al. (C. C. A.) 270 Fed. 388, and Martin v. Presidio Mining Co., 256 U. S. 694, 41 Sup. Ct. 535, 65 L. Ed. 1175. It is herein sufficient to state that the suit was by Overton and Martin, on behalf of themselves and other minority stockholders of the mining company, against the mining company, Noyes, and others, to establish a trust, and recover for the corporation certain mining property known as section 5, acquired by Noyes; for an accounting; for injunction, receivership, and other relief. Defendants denied the material allegations, and from the beginning resisted the appointment of a receiver. After trial a receiver was appointed, injunction was issued, and to a limited extent material relief was awarded to plaintiffs.

Upon appeal this court affirmed that part of the interlocutory decree, made by the District Court, wherein Noyes was directed to transfer certain property to the corporation, and also other parts of the decree relating to the payment of the purchase price of the property, and, after directing how certain computations in the accounting should be made, decided that the interlocutory decree of the District Court in all other respects not mentioned should be reversed, that the interlocutory injunction should be dissolved, and that the receiver should be discharged. Thereafter mandate was issued, and the receiver filed his fourth and final account. Against exceptions filed, the District Court approved the final account of the receiver and allowed compensation to him and to his counsel, and ordered the sums allowed to be deducted from the funds in the hands of the receiver; the residue to be delivered to the mining company. The judge said:

"There is no exception taken to the correctness or propriety of any particular item of the receiver's account, but the objection really is to the items of that account being charged or allowed against the fund administered, the

286 F.—54

contention being that they should, under the circumstances of the case, be charged to the plaintiffs who procured the appointment of the receiver. But that question will more properly arise on a motion to tax the costs upon the entry of the final decree."

From the order confirming the final report, and postponing the question of assessment of fees of the receiver and his attorney until the hearing on the final decree herein, defendants appealed, and plaintiffs have moved to dismiss the appeal.

We understand the main position of the appellants to be that, inasmuch as it has been decided by the Circuit Court of Appeals that the receivership in the case was unnecessary and unjustified, and as it appears from the record that the receiver was appointed over the persistent objections of the defendants (appellants here), the case as to the receivership becomes one where there was an unwarranted application of judicial power, and therefore that the order appointing the receiver was in excess of the authority of the court.

[1] It being clear, however, that the District Court had jurisdiction of the subject-matter of the suit and of the parties thereto, we are of the opinion that, considering the averments of the complaint and answer and the evidence heard upon the trial, there was sufficient to bring into action the power of the District Court to hear and determine, not only the principal issues, but also the application for a receivership. It is very clear that plaintiffs acted in good faith in asking for the appointment of a receiver. There was no imposition upon the court; in fact, it was not until after an elaborate and bitterly contested trial that the learned judge held that the circumstances and then present conditions appeared to be such that due regard to the rights and interests of all parties called for the exercise of discretionary power by putting the property of the corporation in the hands of a receiver for custody and administration under orders of the court. The action of the court was in no sense arbitrary, and the fact that upon review by this court it has been held that the evidence upon which the lower court acted did not justify the appointment of a receiver does not affect the question of the jurisdiction to appoint a receiver. Sage v. Memphis, etc., R. R., 125 U. S. 361, 8 Sup. Ct. 887, 31 L. Ed. 694; Sullivan Timber Co. v. Black, 159 Ala. 570, 48 South. 871, 876.

[2] Passing to the question of allowances and compensation, the rule appears to be that the costs of a receivership may be assessed as are other costs generally, according to the discretion of the court. They are to be taxed equitably. In Palmer v. Texas, 212 U. S. 118, 29 Sup. Ct. 230, 53 L. Ed. 435, where the Circuit Court of Appeals was sustained by the Supreme Court in reversing the order of the Circuit Court appointing a receiver, it was held that, "the costs of the receivership" having been assessed against the original complainants in the Circuit Court, and the receivership having gone on pending proceedings on appeal, justice would be done if the costs of the receivership were paid out of the fund realized in the federal court. This general rule, which treats costs of a receivership as subject to the discretion of the court, is not incompatible with the making of a distinction between the original taxable costs of litigation and such charges and expenses

as the costs of the receivership and payments and allowances made to receivers, or costs properly appertaining to the receivership and chargeable against the property in the receiver's hands.  Kell v. Trenchard (C. C. A. 5th Cir.) 146 Fed. 245, 76 C. C. A. 611; Clark on Receivers, vol. 1, p. 884.  See, also, to like effect, 23 R. C. L. § 116.

In Hutchinson v. Hampton, 1 Mont. 39, the court allowed a receiver's compensation to be taxed as costs, the compensation to be allowed out of the property in the hands of the receiver.  In Ogden City v. Bear Lake, etc., Co., 18 Utah, 279, 55 Pac. 385, a receiver pendente lite was appointed, but the order appointing him was reversed and the property in his hands was ordered to be returned to its owner.  Thereafter, upon consideration of the report of the receiver, the District Court allowed items, including compensation to the receiver, to be paid out of the fund in his hands.  The court held that, inasmuch as the appellant was wrongfully deprived of the possession of its property upon the petition of the plaintiff in the case, it would be inequitable to require the appellant to pay the extra expense of conducting its business, caused by the erroneous order with respect to the receivership, and decided that such expenses as were incurred by the receiver as would have been necessary for the appellant to incur, had it remained in possession of its property, were properly paid out of the fund in the receiver's hands, but such as would not have been necessary for it to incur should be charged to the party procuring the order.

In Sullivan Timber Co. v. Black, 159 Ala. 570, 48 South. 870, the Supreme Court of Alabama held that the compensation or fees of a receiver are regarded as part of the costs, to be determined within the sound discretion of the court, and cited Stuart v. Boulware, 133 U. S. 78, 10 Sup. Ct. 242, 33 L. Ed. 568, in support of that view.  The reasoning of the decision is that a receiver represents the court which appoints him, and that, while cases may arise where the appointment of a receiver has been wholly unauthorized and unwarranted, compensation should be denied him, yet as a rule compensation of the receiver, and fees paid by him to an attorney for professional services, and other legitimate expenses, are part of the costs, and subject to the usual rules of taxing costs to the losing party.  The court was of the opinion that compensation should not be denied a receiver because there was error in appointing him.

In Ephraim v. Pacific Bank, 129 Cal. 589, 62 Pac. 177, the costs of a receivership were regarded as primarily a charge upon the fund in the hands of the receiver, but that, if the receiver has gained possession of the fund through an unauthorized appointment, he must look for his compensation to the party at whose instance he was appointed.  In French v. Gifford, 31 Iowa, 428, the court held that it would be an unjust rule if in all cases the receiver should be entitled to compensation from the fund in his hands without reference to the legality of his appointment.  The court there allowed the receiver to be reimbursed for all costs and expenses, rent and taxes, out of the fund, but held that the fund should be charged only with one-third of the compensation allowed to the receiver, the other two-thirds to be taxed to the unsuccessful party in the litigation.

In Alderson on Receivers, it is said receiver's fees are considered as part of the court costs, to be allowed at the final conclusion of the litigation. In Tardy-Smith on Receiverships, vol. 2, p. 753, the author says the receiver's compensation is part of the costs to be assessed in accordance with the principles of equity. See, also, 34 Cyc. 364. Attorney's fees are also looked upon by the author as part of the costs of the action. Kilpatrick v. Horton, 15 Wyo. 501, 89 Pac. 1035.

[3] The foregoing cases sustain our view that equitable principles should control in the premises, and that, when the District Court shall come to consider the question of what allowances and compensation may be proper in the present case, it is to be presumed the burden will be equitably placed. But we find no error in the ruling that in the first place the receiver's compensation and the costs necessarily incurred by him in preserving and caring for the property under the orders of the court were properly chargeable against the fund or property in the hands of the receiver. Of course, the court might have made orders with respect to the assessment of the receiver's compensation and expenses without awaiting final decree; but there was no error in reserving final order with respect to the taxation of all costs, including such allowances, until the end of the litigation.

[4] The District Court having merely postponed ruling as to the assessment of all costs and allowances, we are not impressed by the argument that the appellants should be limited to their objection to the last account filed by the receiver. The whole question of assessment of costs was kept open for later consideration.

From what we have said, it logically follows that in the exercise of its jurisdiction the District Court had the power to make the orders it did in the first instance, and discretion to defer making final orders until ordering a final decree. We therefore hold that, until the discretion as to assessment of costs has been exercised, this court will not disturb the action of the court in making the order appealed from.

The appeal is dismissed, at appellants' costs.